INDIANA & OHIO LIVE STOCK INS. CO. v. KRENEK.

(Court of Civil Appeals of Texas. Austin. Dec. 20, 1911. On Motion for Rehearing, Jan. 31, 1912. Further Rehearing Denied Feb. 28, 1912.)

On Motion for Rehearing.

1. INSURANCE (§ 26*) — LIVE STOCK INSURANCE—ACTIONS—VENUE.

Rev. St. 1895, art. 1194, subd. 25, requires suits against foreign corporations to be brought in the county where the cause of the action accrued, or where the company has a representative, or in which its principal office is situated, or, if it has no agent or representative, then in the county where plaintiffs reside; and article 3070, contained in title 58, provides that suits may be instituted against any "life or health insurance company" in the county where the loss

accrues, or where the policy holder resides; and article 3096a defines a life insurance company as a corporation doing business under any charter involving the payment of money, conditioned upon the continuance or cessation of human life. Article 642, subd. 46, originally provided for the organization of fire and live stock, etc., insurance companies, but was amended in 1907 (Acts 30th Leg. c. 150) so as to provide that all insurance companies under such subdivision shall be in all respects subject to the provisions of title 58. *Held*, that a foreign live stock insurance company could not be sued on a policy in the county of plaintiff's residence, where the company did not have a representative or office therein, and the insured animal did not die there.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 26.*]

2. INSURANCE (§ 426*)—LIVE STOCK INSURANCE—CONSTRUCTION—PLACE OF LOSS.

A live stock insurance policy insured against the loss on a horse while situated in the county named, and further provided that insured should see that the animal was well cared for, and, in case of sickness or accident, that it received the care of a veterinary, or the best care that could be procured. *Held*, that no recovery could be had, where the horse was taken sick in the county referred to in the policy, but died in another county to which it was taken by insured for treatment by a veterinary, because there was no veterinary in his own county.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1130; Dec. Dig. § 426.*]

Appeal from Lee County Court; John H. Tate, Judge.

Action by Henry B. Krenek against the Indiana & Ohio Live Stock Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Richard W. Mayfield, for appellant. Wm. O. Bowers, for appellee.

KEY, C. J. This is a suit instituted in the county court of Lee county upon a written contract, insuring the life of a certain horse. At the trial plaintiff recovered a judgment, and defendant has appealed.

We sustain the third assignment, which complains of the action of the trial court in overruling the defendant's plea of privilege to be sued in another county. The plaintiff alleged in his petition that he was a resident of Lee county; that the defendant was a nonresident corporation, doing business in Texas, "with J. W. Blanton its agent and attorney for service of process, who resides at Gainesville, Cook county, Tex." It was also alleged in the petition that the horse died, and the plaintiff's loss was sustained in Wharton county, Tex. In due time and order the defendant, in due form, filed its plea of privilege, contesting the right of the county court of Lee county to exercise jurisdiction, and averring "that the defendant was not at the time of the institution of this suit a resident of Lee county, Tex., nor at the time of service of process herein was it a resident of Lee county, Tex.; that the residence of the general agent of the Indiana & Ohio Live Stock Insurance Company in

Texas is at Gainesville, Tex., and that the principal office of the said defendant in Texas is in Gainesville, Cook county, Tex., and that said general agent is J. W. Blanton, whose residence is in Gainesville, in Cook county, Tex., and that none of the exceptions to exclusive venue mentioned in article 1194 or article 1585 of the Revised Statutes of Texas exist in said cause, so as to give jurisdiction of said cause to the said county court of Lee county, Tex." The plea referred to, which was verified by affidavit, was presented to and overruled by the trial court. Venue of suits in district and county courts of this state is regulated by article 1194 of the Revised Statutes, and the twenty-fifth subdivision of that article fixes venue for suits against foreign corporations "in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such company may be situated, or, when the defendant corporation has no agent or representative in the state, then in the county where the plaintiffs or either of them reside."

Counsel for appellee contends that the statute just quoted is modified and controlled by article 3070 of the Revised Statutes, which prescribes that "suits may be instituted and prosecuted against any life or health insurance company in any county where the loss has occurred, or where the policy holder instituting such suit resides." The term "life insurance company" is defined as follows by article 3096a of the Revised Statutes: "A life insurance company shall be deemed to be a corporation doing business under any charter involving the payment of money or other thing of value to families or representatives of policy holders, conditioned upon the continuance or cessation of human life, or involving an insurance guaranty contract or pledge for the payment of endowments or annuities." If this latter statute had not been enacted, we should feel strongly inclined to, and probably would, hold that the language, "any life or health insurance company," used in article 3070, had reference and was limited to insurance of the life or health of a human being. But, in view of the language just quoted from article 3096a, we think it is manifest that article 3070 was not intended to include suits brought upon any contract of insurance when the subject-matter of the contract was property, and not a human being. Hence we conclude that article 3070 did not authorize the institution of this suit in Lee county, and that the trial court erred in not sustaining the plea of privilege, and transferring the case to either Wharton or Cook county. By the act of 1907 (Acts 1907, c. 133, p. 248), which is incorporated in Sayles' Supplemental Statutes as articles 1194a, 1194b, and 1194c, it is wisely provided that whenever a

plea of privilege to be sued in some other county is sustained, the court shall order the venue changed to the proper court of the county having jurisdiction of the parties and the cause, and we hold that the trial court should have pursued that course in this case. The suit should have been instituted in either Cook county or the county where the loss was sustained, and the court below will have the power, and it will be its duty, to determine to which county it shall be transferred, and to make the necessary order transferring it to the county court of that county.

In view of the disposition here made of the case, we do not feel called upon, and hardly deem it proper, to pass upon the other questions presented in appellant's brief any further than it has been necessary to do so in deciding the question of venue.

For the error pointed out, the judgment is reversed and the cause remanded, with instructions to the trial court to sustain the defendant's plea of privilege, and make an order transferring the case to the county court of Cook county, or of the county where the loss was sustained.

Reversed, with instructions.

### On Motion for Rehearing.

[1] In our former consideration of this case we overlooked the fact that in 1907 the Legislature amended subdivision 46 of article 642 of the Revised Statutes (Acts 30th Leg. c. 150). That article prescribes the purposes for which private corporations may be formed, and section 46 originally read: "For the organization of fire, marine, life and live stock insurance companies." The act of 1907 adds two provisos to section 46, and the one applicable to this case reads as follows: "And provided further that all insurance companies mentioned in this subdivision shall be in all other respects subject to and shall comply with all of the provisions of title 58 of the Revised Statutes of Texas, and any and all laws supplementary to or amendatory thereof." Title 58 of the Revised Statutes contains nearly 100 articles, and undertakes to cover the entire subject of insurance, and article 3070, which is a part of that title, reads as follows: "Suits may be instituted and prosecuted against any life or health insurance company in any county where loss has occurred, or where the policy holder instituting such suit resides, and the process in any such suit may be served upon any person in this state holding a power of attorney from such company, and if no such person can be found in this state, upon affidavit of that fact being filed, process may be served by publication, as provided in the case of defendants who are nonresidents of this state." As the act of 1907, amending the statute relating to live stock insurance companies, declares that such companies shall, in all respects, be subject to and comply with all the provisions of title 58 of the Revised Statutes, and as article 3070 is a part of that title, we now hold that the trial court ruled correctly when it overruled appellant's pleas of privilege to be sued in another county, and that this court fell into error when it held otherwise in the opinion hereinbefore filed, and for that reason appellee's motion for rehearing is granted, and we will now proceed to a consideration of the appeal.

[2] We sustain appellant's seventh assignment of error, which asserts that appellant was not liable on the policy sued on, because it is stipulated therein that appellant insured the horse only while situated in Rosenberg or Ft. Bend county, Tex., and the proof showed that the plaintiff carried the horse into another county, and that he died while there. The policy contains the stipulation referred to, and it seems to be conceded that the proof shows that the horse got sick, that there was no veterinary surgeon available in Ft. Bend county, and that the plaintiff drove it 30 miles to Eagle Lake in another county, and left him in care of a veterinary surgeon, and he died there. The written policy which contains the contract of insurance declares that appellant insures the plaintiff against loss by death to the amount of $180 on a certain gelding therein described "while situated in Rosenberg or Ft. Bend county, Tex." It seems clear to us that the language quoted was intended to and must be held to constitute a limitation upon the promise to pay the $180, and that, unless the animal died and the loss occurred in Rosenberg or Ft. Bend county, appellant is not liable. Lawrence v. Leidigh, 58 Kan. 594, 50 Pac. 600, 62 Am. St. Rep. 631; Silvey v. Lindsay, 107 N. Y. 55, 13 N. E. 444; Wolcott v. Holcomb, 97 Mich. 361, 56 N. W. 837, 23 L. R. A. 215. In Langworthy v. Oswego & O. Ins. Co., 85 N. Y. 632, it was held that a policy of insurance which insured a hophouse from the 15th of August to the 15th of October "while drying hops, should be construed to limit the contract of insurance to the destruction of the building while being used for drying hops, and, if destroyed while not so used, the insured could not recover for the loss." That case seems to be directly in point, and fully sustains our decision in this case.

It is true that the policy stipulated that the insured "shall see that the said animal shall be well cared for and not neglected or abandoned or exposed to danger; and in case of sickness or accident, that the same shall receive the care of a veterinary surgeon, or the best care and attention that can be procured," but we do not think that stipulation of the contract should be so construed as to nullify or change the other stipulation limiting the insurance to the time while the animal was in Rosenberg or Ft. Bend county. The two provisions can be harmonized and so construed as to give effect to each and both. The one last quoted

providing for the care and welfare of the animal did not absolutely require the plaintiff to procure a veterinary surgeon when the animal got sick, but required him either to do that or give the animal the best care and attention that could be procured at reasonable expense. If the plaintiff had kept the animal in Ft. Bend county, and could not, as his evidence tends to show, procure a veterinary surgeon to treat it there, nevertheless, if he had given it the best care and attention which he was able to do under the circumstances, and it had died, appellant would have been liable for the insurance now sought to be recovered. And, if we are correct in that proposition, then it necessarily follows that the contract did not require the plaintiff to take the animal out of the county for the purpose of obtaining the care of a veterinary surgeon.

Our conclusion upon this point renders it unnecessary to consider the other questions presented in appellant's brief; and, for the reasons stated, the judgment of the court below is reversed, and judgment here rendered for appellant.

Reversed and rendered.