SHEAR CO. v. NEELY.   (No. 9105.)

(Court of Civil Appeals of Texas.   Ft. Worth.
May 17, 1919.)

PLEADING ⊙⇒111—PLEA OF PRIVILEGE—PRO-
CEEDINGS ON ISSUE.

Where a suit was brought for circulation of
a libel in T. county in the district court there-
of against defendant domiciled in M. county,
and defendant pleaded privilege, and after filing
controverting affidavit plaintiff for the first
time and in an amended petition alleged circula-
tion of the libel in H. county without praying
removal thereto, and the court found it had not
been circulated in T. county, the case should
have been transferred to M. county, and it was
error to transfer it to H. county, the circulation
of the libel therein not being in issue, in view
of Rev. St. 1911, arts. 1832, 1833, 1902, and
article 1903 amended by Acts 35th Leg. c. 176
(Vernon's Ann. Civ. St. Supp. 1918, art. 1903),
relating to pleas of privilege.

Appeal from District Court, Tarrant Coun-
ty; Bruce Young, Judge.

Suit by R. P. Neely against the Shear
Company.   From an order transferring the
case to Harris County, the defendant appeals.
Affirmed in part, and reversed in part.

J. D. Williamson, of Waco, for appellant.
Miller & Miller, of Fort Worth, for appel-
lee.

CONNER, C. J.   R. P. Neely instituted
this suit in a district court of Tarrant coun-
ty against the Shear Company, domiciled at
Waco, McLennan county, to recover damages
caused by the circulation in Tarrant county
of a libelous telegram sent by the Shear Com-
pany to A. E. Peden, food administrator of
Texas, and by the latter sent to the plaintiff
at Ft. Worth, Tex., where it was circulated
and published as stated.

The defendant on May 1, 1918, in due
form, time, and order, presented its plea of
privilege to be sued in McLennan county
where it had its domicile.   To this plea, the
plaintiff presented his controverting affida-
vit, alleging in substance the circulation of
the libel in Tarrant county, which it was
averred constituted a criminal offense under
our laws, and which therefore brought the
case within one of the exceptions (subdivi-
sion 9) to article 1830, relating to the venue
of suits and specifying the exceptions to the
general rule that a defendant is entitled to
be sued in the county of his domicile.

The controverting affidavit, which under
our statutes on the subject raised the issue
on the plea of privilege, was filed on the 9th
day of May, 1918.   Thereafter on June 15,
1918, the plaintiff filed his first amended
original petition setting out, as before, the
libelous matter, and again alleged its cir-
culation in Tarrant county, but for the first

time further alleged its circulation also in
Houston, Harris county.   The prayer was,
"the defendant having already been cited
and having entered its voluntary appearance
herein," for his actual and exemplary dam-
ages as in plaintiff's original petition.

On the same day, June 15, 1918, as is re-
cited in the judgment, "came on to be heard
the plea of privilege filed herein by defend-
ant, the Shear Company, and the controvert-
ing affidavit thereto filed herein by the
plaintiff, R. P. Neely."   The result of the
hearing was the findings that the "plea of
privilege was well taken," and that "venue
does not exist over" the cause of action in
Tarrant county, but did in Harris county,
and "likewise" in McLennan' county, "the
domicile and residence" of the defendant.

It was therefore ordered that the defend-
ant's plea of privilege be "sustained," and
that the suit be transferred to the district
court of Harris county.   From this order
the defendant has duly prosecuted an appeal.

But a single question is presented for our
determination.   Appellant insists that the
suit should have been transferred to the dis-
trict court of McLennan county, rather than
to Harris county.   Appellee controverts this
proposition and contends that the court, un-
der the findings and circumstances, had the
option to transfer the cause to either Harris
county or McLennan county, and that there-
fore his order transferring it to Harris coun-
ty cannot now be disturbed.   In support of
this contention, appellee cites Belo & Co. v.
Wren, 63 Tex. 686; Rev. Stats. of Texas
of 1911, art. 1832; Indiana & Ohio Live
Stock Ins. Co. v. Kirenek, 144 S. W. 1181;
A., T. & S. F. Ry. Co. v. Stevens (Sup.) 206 S.
W. 921.

We are of the opinion that the court erred
in his ruling, and that the cause should have
been transferred to the district court in Mc-
Lennan county.

Article 1902 of the Revised Statutes pro-
vides that a defendant in his answer may
plead as many several matters, whether of
law or fact, as he shall think necessary for
his defense and which may be pertinent to
the cause, etc.   The next article, as amend-
ed by the Act of April 2, 1917, chapter 176, §
1 (1 Vernon's Statutes, 1918 Supp. p. 443),
evidently treats a "plea of privilege" as one
among the pleas a defendant has the right
to present under said article 1902.   More-
over, the plea of privilege, under the amend-
ed article referred to, when filed, "shall be
prima facie proof of the defendant's right
to change of venue," and it is further special-
ly provided that, if "a plaintiff desires to
controvert the plea of privilege, he shall file
a controverting plea under oath setting out
specifically the fact or facts relied upon to
confer venue of such cause on the court
where the cause is pending."   And that "up-

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on the filing of such controverting plea the judge or justice of the peace shall note on same a time for a hearing of the plea of privilege, provided, however, that the hearing shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been served on each defendant or his attorney, for at least ten full days exclusive of the days of service and of hearing." As it seems to us, a consideration of these articles referred to brings the plea of privilege and the plaintiff's controverting affidavit thereto within the rules that ordinarily apply to pleadings. As noted, the plea of privilege is not only designated as a pleading, but it is particularly provided that the controverting affidavit, before a hearing is authorized, shall be served upon the defendant or his attorney at least ten full days exclusive of the day of service and of hearing, thus evincing the legislative intent that a defendant presenting a plea of privilege should be fully informed by the plaintiff's controverting affidavit, if any, of what he will be called upon to meet. If so, the hearing of the plea of privilege, as in case of a trial upon other issues, should be confined to the allegations of the plea of privilege and to the averments of the controverting affidavit in accordance with the familiar rule that the allegata and the probata must correspond. In the case before us, as will be seen from our statement, there was no allegation in the plaintiff's controverting affidavit which would authorize the court to enter upon the investigation of whether the libel in question had been circulated in Harris county. The only allegation to that effect was in the plaintiff's first amended petition filed on the day of hearing of the plea of privilege and of which nothing in the record indicates that the defendant had any actual notice. Nor in the amended petition in which for the first time the allegation that the libel had been circulated in Harris county, was there a prayer for a transfer of the cause to Harris county. We therefore think that it was the duty of the court, upon the hearing of the plea of privilege under consideration, after finding, as he did, that the libel had not been circulated in Tarrant county, as alleged in plaintiff's original petition and in his controverting affidavit, to have transferred the case to McLennan county, where it is admitted the defendant has its domicile.

Nor do we think the statutes or decisions cited by appellee require a different conclusion. Article 1832, cited in behalf of appellee, reads as follows:

"If a plea of privilege is sustained, the cause shall not be dismissed, but the court shall transfer said cause to the court having jurisdiction of the person of the defendant therein; and the costs incurred prior to the time such suit is filed in the court to which said cause is transferred shall be taxed against the plaintiff."

In this connection, we wish to quote the following articles of the statutes which we think are pertinent to the question under consideration. Article 1830, of the Revised Statutes in general terms provides that—

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases."

Then follow some 29 exceptions to the general rule thus stated, among which is the following (paragraph 9 of the article):

"Where the foundation of the suit is some crime, or offense, or trespass, for which a civil action in damages may lie in which case the suit may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

Article 1833, which immediately follows article 1832, cited by appellee, thus reads:

"Wherever a plea of privilege to the venue, to be sued in some other county than the county in which the suit is pending, shall be sustained, the court shall order the venue to be changed to the proper court of the county having jurisdiction of the parties and the cause; and the clerk shall make up a transcript of all the orders made in said cause, certifying thereto officially under the seal of the court, and transmit the same, with the original papers in the cause, to the clerk of the court to which the venue has been changed; provided, that nothing herein shall prevent an appeal from the judgment of the court sustaining a plea of privilege."

The circulation of a libel in a county undoubtedly gives to the proper court of the county where the circulation occurs jurisdiction to try the cause, for the circulation of a libel under our criminal law constitutes a crime for which a civil action for damages will lie. And reading the statutes as a whole, we think it plainly apparent that a clear distinction is to be observed between jurisdiction over the "cause" and jurisdiction over the "person," and, if so, construing articles 1832 and 1833 on the same subject together, as should be done, and giving to each its full force and effect, if it can be done, which is also the adopted rule of construction that upon sustaining a plea of privilege it is the duty of the court, as provided in article 1833, to order the venue changed to the proper court of that county which has jurisdiction over both the cause and the person. In the case before us, the only court having jurisdiction of both cause and person was the district court of McLennan county. It is true the district court of Harris county, or of any other county in Texas in which the libel in question might have been circulated, had jurisdiction of the cause and could have compelled the appearance and answer of the defendant. See Belo & Co. v. Wren, supra. But within the meaning of the law on the subject as a whole no other county than that of a court of McLennan

county had jurisdiction of both cause and person. It is also true that expressions are to be found in the cases of Insurance Co. v. Krenek, and Ry. Co. v. Stevens, supra, cited in behalf of appellee, that may seem to authorize the court in sustaining a plea of venue to transfer the cause at his own option to any county having jurisdiction of it. But we think there is a clear distinction between the case of Ry. Co. v. Stevens by our Supreme Court and the case now before us. In the Stevens Case 'in the plea of· privilege of the railway company, the railway company alleged that it was a foreign corporation and that it neither did business nor had an agent in El Paso county where the suit had been instituted, but that it did, in fact, do business in the counties of Potter, Hemphill, Galveston, Johnson, and Cooke, and contended that it was suable in one of those counties, if at all. The plea of privilege was sustained, and it seems evident, under the circumstances of that case, that the court had the power to transfer the venue of the cause to any one of the counties named by the defendant, which in fact had jurisdiction. The order in either case would be in exact accordance with the prayer of the plea, and the defendant could have no cause of complaint. In the case of the Insurance Company v. Krenek, supra, the order changing the venue .was on a motion for rehearing set aside and the jurisdiction of the trial court sustained. What was said therefore on the subject of the court's duty in transferring the venue may be termed, perhaps not inaptly, to be mere obiter and not of controlling effect. At least, we are inclined now and here to give that case the application insisted upon by appellee.

We conclude that the judgment below should be affirmed in so far as the defendant's plea of privilege was sustained, but reversed in so far as the venue of the case .was transferred to Harris county, it now and here being ordered that the venue of this cause be transferred to McLennan county in accordance with the prayer of the defendant's plea of privilege, and the clerk will certify this conclusion to the court below for observance.