SIMON BRIGGS v. SAMUEL B. SMITH.

It seems that where a judicial attachment has issued to compel the defendant to appear and answer, personal service or service by publication is not required.

In order to procure a judicial attachment the plaintiff must give bond, as on an original attachment.

A judicial attachment is a means provided to compel a defendant to appear and answer, but to do so it must be properly issued. Therefore where it was improperly issued without bond and the defendant appeared and moved to quash it on that ground, and his motion was overruled, and judgment by default rendered against him for want of an answer, the judgment was reversed.

Error from Victoria. This was an action brought by the defendant in error against the plaintiff in error and J. R. Toombs, on a promissory note, by petition filed August 13th, 1853. On same day citation issued and was returned to the Fall Term served on J. R. Toombs, not served on Briggs, he not being found in the county; whereupon the Court ordered

a judicial attachment to issue against Briggs. At the Spring Term the attachment was returned executed. At the succeeding Fall Term, Briggs appeared by attorney and moved to quash the attachment because it had been issued without the plaintiff's giving bond. The motion was overruled, and the defendants failing to answer, judgment by default final was rendered against them, and the defendant Briggs brought the case up by writ of error, and assigned that the Court erred in refusing to quash the attachment, and in rendering judgment against him, the defendant Briggs, without personal service or service by publication.

*A. S. Cunningham* and *Phillips & Phillips*, for plaintiff in error.

*W. S. Glass*, for defendant in error.

WHEELER, J. The only question in the case which it is material to notice, arises upon the judgment of the Court overruling the motion to quash the attachment. It seems to have been intended by the statute to make the judicial attachment therein provided for, a means simply of compelling a defendant to appear and answer. (Hart. Dig. Art. 22.) The levy of the attachment appears to have been intended to have the same effect in this respect as personal service. Yet the 18th Section declares that no judgment shall be rendered in suits by attachment unless there has been service in the ordinary mode or by publication. (Id. Art. 39.) This however must be understood of suits commenced by attachment, or where the attachment is the original process, otherwise it would be repugnant to the 1st Section, which provides that if upon the return of the levy, the defendant does not appear and answer within the time limited for pleading, " the plaintiff shall be entitled to judgment as in ordinary suits." The present statute appears to be the embodiment in one Act of the several provisions of the law relating to attachments, in

force at the time of its enactment. And hence its several provisions are not, perhaps, as harmonious and perspicuous as they might have been if the law had been revised and digested anew, without attempting to retain in terms all the distinct provisions of existing laws upon that subject. There does seem to be some difficulty in ascertaining with certainty and precision what provisions were intended to be applicable to judicial, and what to original attachments only. But for the purposes of the present suit, it is only necessary to determine whether, in suing out a judicial attachment it is necessary for the plaintiff to give bond to indemnify the defendant for any injury he may sustain by reason of an abuse of the process. And we think the most natural and reasonable inference, to be deduced by a consideration and comparison of the terms and provisions of the several parts of the law, is that the legislature contemplated the giving of such bond. The first and third Sections treat expressly of judicial attachments, and the second Section treats in general terms of bonds, which shall be given upon the issuing of attachments, without limiting them to original attachments. It is scarcely to be supposed that the term "attachments" used in the Section interposed between the 1st and 3rd, was intended to be exclusively applicable to other attachments than those treated of in the context in that immediate connection. There are other parts of the Act to which reference might be made, but we deem it unnecessary. The facility with which judicial attachments may be obtained, and their liability to abuse, suggest reasons so cogent for requiring some security against abuse, that we could not suppose that more was intended, unless the language of the statute was such as reasonably to admit of no other conclusion. It might perhaps be made a question whether the present case does not come within the provision of the 143rd Section of the Act to regulate proceedings in the District Court. (Hart. Dig. Art. 795.) If it does not come within the terms, it seems to come within the reason of that provision. For though styled a judicial, as distinguished

from an original attachment, it is a writ by which the property of the defendant is "seized, or taken into custody;" and may be subject to the abuses against which it was the object of that Section to provide. But without resting our opinion in any degree upon the statute last cited, we think it may fairly be collected from the Act regulating attachments, that the Legislature contemplated the giving of a bond upon the suing out of a judicial attachment; and consequently that the Court erred in refusing to quash the attachment in the present case for the want of it. The judgment is therefore reversed and the cause remanded for further proceedings.

Reversed and remanded.