## THOMAS A. GRAY v. GEORGE P. SMITH.

It was clearly error to take judgment (by default) at the same Term after continuance of the cause, without having the continuance first set aside; but this is not assigned as error.

Quere, whether a return of citation, " not found," simply, is sufficient to authorize the issuance of a judicial attachment, the Statute requiring that the return should be, that the defendant " is not to be found in his county."

A judicial attachment is returnable in the same manner as original writs, and the defendant has the same time to appear and plead as if he had been served with citation at the date of the service of the attachment.

Error from Guadalupe. The Hon. Thomas H. Du Val presided in the Court below.

*Hancock & West* for plaintiff in error.

WHEELER, J. The District Court for Guadalupe county commenced its session on the 5th of May. On the 28th of April, the plaintiff filed his petition; on which citation issued, and the Sheriff returned thereon " not found." On the 7th of May, after the commencement of the Term, the plaintiff filed his bond and obtained from the Clerk an attachment returnable to the Court then in session. The attachment was levied on the 9th; on which day there was an entry of the continuance of the cause for service; and afterwards, at the same Term, without any order setting aside the continuance, and without personal service, the defendant not appearing, judgment final by default was taken against him. The defendant has assigned errors going to the sufficiency of the return of the citation, and the legality of the attachment, and of the judgment rendered upon the return thereof.

It clearly was error to take judgment at the same Term af-

ter continuance of the cause, without having the continuance first set aside ; but this is not assigned as error.

It is admitted by counsel for the plaintiff in error, that, ordinarily, the return simply of " not found," would be a good return ; the presumption being that the officer has done his duty ; but it is insisted that it is not sufficient, under the statute, to lay the foundation for an attachment ; that inasmuch as the statute provides for the issuance of the attachment when the officer shall return that the defendant is "not to be found in his county," and in proceedings by attachment, a strict compliance with the law is required, the return must show expressly that the defendant is not to be found in the county. The argument is not without force ; for it is certainly true, that, the process is liable to abuse, and, in cases like the present, to be used oppressively. Where so little time for service has been allowed, the officer may think himself justified in returning simply '' not found," when it was really for the want of time that the defendant was not served ; and when he would not undertake to state that the defendant was " not to be found in his county."

But there is another ground of error assigned, on which, it is clear, the judgment must be reversed. The attachment, though sued out after the commencement of the Term, was returned, and judgment by default taken thereon at the same Term. The object of a judicial attachment being the same as personal service to bring the defendant into Court, in order that he may answer, and defend the action, being in fact, a substitute for personal service, the same time should be allowed the defendant to make his defence, as where there had been personal service. And this evidently is the intention of the statute : for it provides, that the attachment shall be " returnable in the same manner as original writs ;" and after the re. turn of service if the defendant " shall fail to appear and plead within the time limited by the law regulating pleadings, the plaintiff shall be entitled to judgment as in ordinary suits." Hart. Dig. 22 ; 13 Tex. R. 269.

The writ not having been issued until after the return day of original process for that Term, was properly returnable to the next Term ; and there not having been service in time to re-quire the defendant to appear and plead, judgment by default could not legally be taken at that Term. The judgment must therefore be reversed, and the cause remanded.

Reversed and remanded.