American Surety Company of New York v. Stebbins, Lawson, Spraggins Company.

No. 2423.    Decided November 24, 1915.

1.—Attachment—Replevy Bond—Appearance—Default.

Where property of a non-resident is attached and replevied by him, but defendant is not cited to answer, the execution of the replevy bond does not constitute such an appearance in the suit as to authorize a judgment by default against defendant and the surety on his bond. (Pp. 417-421.)

2.—Same.

The execution of a replevy bond for attached property is distinguished from the procedure under former statutes by which giving of special bail for payment of the judgment was made to constitute an appearance, and from that by judicial, as distinguished from original attachment, which was made to take the place of citation. (Pp. 417, 418.)

3.—Same.

The replevy bond simply takes the place of the attached property. It invokes no action of the court and makes no move in relation to the cause of action, being unrelated to this or its determination, and acknowledging a liability distinct from it save as such liability is conditioned on the cause of action being established, the surety's liability being only in that event. And while the replevin changes the action from one *in rem* against the property to one enforcible personally against the surety, it seems that this would not be beyond the power of the court though only constructive service was had on the defendant himself. (Pp. 419-421.)

Question certified from the Court of Civil Appeals for the Fifth District, in error from Dallas County.

*Lively, Nelms & Adams,* for plaintiff in error.—Execution of a replevy bond in a case alone, without some other act on the part of the defendant, is not such an appearance as will authorize judgment by default against him. Wells v. Ames Iron Works, 3 App. Civ. C., par. 297; Kennedy v. Morrison, 31 Texas, 207-208; Shirley v. Byrnes, 34 Texas, 626; Stevens v. Perrin, 19 Texas Civ. App., 554-556; Green v. Hill, 4 Texas, 465.

An appearance can only be made by acceptance of service; by waiving the issuance or service thereof in writing; by entering an appearance in open court personally or by attorney or agent, and by having such appearance noted on the docket; by filing an answer; by filing a motion; and no judgment can be rendered unless as herein set forth. Rev. Stats., arts. 1240, 1241, 1242, 1243, 1244 and 1245; Sayles' Texas Civil Practice, secs. 294 to 299, inclusive; Wooldridge v. Griffith, 59 Texas, 290; Glass v. Smith, 66 Texas, 548.

*Saner & Saner* and *J. Robert O'Connor,* for defendant in error.—The execution of a replevy bond by the defendant in an attachment case is a sufficient appearance to sustain a judgment by default. Cases on judicial attachment: Paschal's Digest, arts. 128, 139, 150, 152; Rev. Stats., arts. 186, 204, 215; Briggs v. Smith, 13 Texas, 269; Gray v. Smith, 17 Texas, 389; Walker v. Birdwell, 21 Texas, 93.

Cases on the effect of replevy and the jurisdiction of our Texas courts to render judgments in personam against non-residents who have not been served with citation within this State, and have not voluntarily appeared in the case: Cloud v. Smith, 1 Texas, 611; Green v. Hill, 4 Texas, 465; Campbell v. Wilson, 6 Texas, 379; York v. State, 73 Texas, 651; Sam v. Hochstadler, 76 Texas, 162; Reid v. Moore, 12 Ga., 368.

Texas cases decided when our attachment statutes provided for either the replevy by defendant of the property attached, conditioned for the return of the specific property attached, or the giving of special bail by the defendant, thereby releasing the attachment, and conditioned not for the return of the specific property, but for the payment of any judgment that might be rendered against the defendant: Kennedy v. Morrison, 31 Texas, 207; Shirley v. Byrnes, 34 Texas, 625.

Cases from the Supreme Courts of six other States whose statutes on appearance, attachment and judgments are substantially like our own, together with other authorities which have very carefully considered the exact question of whether or not the giving of a replevy bond by the defendant in an attachment is such an appearance in the case as would justify a judgment by default against him where he has done no other act that would amount to an appearance and there has been no service of process upon him, and which have all uniformly held after careful and deliberate research that the filing of a replevy bond is such an appearance as will justify a judgment by default: Peebles v. Weir, 60 Ala., 413; Richard v. Mooney, 39 Miss., 357; Wilkinson v. Patterson, 6 How. (Miss.), 193; Cheatham v. Morrison, 37 S. C., 187, 15 S. E., 924;

Fowler v. Fowler, 15 Okla., 529, 82 Pac., 923; Blyler v. Kline, 64 Pa. St., 130; Reynolds v. Jordan, 19 Ga., 436; Camp v. Cahn, 53 Ga., 558; Buice v. Mining Co., 64 Ga., 769; Levy v. Lovell, Eng. Ruling Cases, vol. 3, p. 558; Shinn on Attachment, vol. 1, p. 433, sec. 221; Waples on Attachment, p. 462, sec. 667; Drake on Attachment, p. 306, sec. 332; 4 Cyc., 686.

It is a well decided proposition of our law that in a case where the defendant is a non-resident and attachment has levied on his property in this State, a judgment may be rendered against the defendant to the amount of the property which has been levied on under the attachment; that is, a judgment in rem may be rendered, but no judgment in personam can be rendered. Campbell v. Wilson, 6 Texas, 379; York v. State, 73 Texas, 651; Sam v. Hochstadler, 76 Texas, 162. The giving of the replevy bond changes the action from a proceeding in rem to a proceeding in personam. Reid v. Moore, 12 Ga., 368. That is, it works a dissolution of the attachment. When a non-resident executes and files his replevy bond he absolutely defeats the very purpose and intention of our attachment statute, unless it was the intention of the Legislature that the attachment should be for the purpose of forcing the appearance of the defendant, or that anything he should do to release the attachment should be an appearance. This dilemma was foreseen and the principle recognized in the case of Sam v. Hochstadler Bros., 76 Texas, 162, by our Supreme Court. That was a case where service of citation was made in New York on a resident of that State, and an attachment was issued which levied on his property in Texas. Defendant moved to quash the attachment, which motion was successful, and our Supreme Court held that the quashing of the attachment put the defendant in court for all purposes, at least to the succeeding term.

Our Revised Statutes, article 215, provide that when personal property has been levied on, the judgment shall also be against the defendant and his sureties on his replevy bond for the amount of the judgment, interest and costs, or for the value of the property replevied, interest and costs. Our courts, in construing this statute, have uniformly and repeatedly held that the replevy bond was an obligation which placed the sureties before the court, and that judgment might be rendered against them without any further notice and without service of any process upon them. In the case of Cabell v. Floyd, 21 Texas Civ. App., 135, 50 S. W., 478; St. Louis Type Foundry v. Taylor, 27 Texas Civ. App., 349, 65 S. W., 677.

There is also another view of this case which is sustained by a long line of Texas authorities, and that is that any action on the part of a defendant, except to object to the jurisdiction of the court which recognizes the case as in court, will amount to a general appearance. 3 Cyc., 504, par. 5; Mueller v. Heidemeyer, 109 S. W., 451; York v. State, 73 Texas, 654.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The honorable Court of Civil Appeals has included in its certificate the following statement of the case, upon which the certified question is submitted:

"This suit was instituted by defendants in error, Stebbins, Lawson & Spraggins Company, against the Bray Company in the County Court of Dallas County at Law on July 19, 1910, on a sworn account for $730.86, with interest thereon at the rate of six per cent per annum from May 24, 1910. On the same day a writ of attachment was issued by the county clerk of Dallas County against the Bray Company and on July 19, 1910, levied on some personal property of said Bray Company. On August 5, 1910, said Bray Company replevied the property attached by giving replevy bond to the sheriff with the plaintiff in error, The American Surety Company of New York, as surety on said replevin bond. On August 9, 1911, citation in the original suit of Stebbins, Lawson & Spraggins Company v. Bray Company was issued against Bray Brothers and on said citation the sheriff of Dallas County made the following return:

" 'Sheriff's Return. Came to hand on the 10th day of August, A. D. 1910. After search I found that Bray Brothers had all gone to Kansas City to reside. There was one of them here the day of issuance, but he had moved stock of goods and I was unable to find them. A. L. Ledbetter, Sheriff of Dallas County. By Joe Brown, Deputy.'

The defendant, Bray Company, a corporation, alleged to have its domicile in Dallas County, Texas, made no appearance in the trial court, the County Court of Dallas County at Law, and filed no answer, and did nothing that could be considered an appearance, unless the filing of the replevy bond is entering an appearance. The judgment recites the jurisdiction of the court over the defendant in the following terms:

" 'Stebbins, Lawson & Spraggins Company v. Bray Company.

" 'No. 16812.

" 'Entered nunc pro tunc as of November 1, 1910. This day came the plaintiff by its attorney and it appearing to the court that the defendant was not served with citation in this case, but it further appearing that writ of attachment in this case was issued by plaintiff, and that said writ of attachment was served on defendant, who thereupon filed a replevy bond, and it further appearing that the case has on this day reached a regular call and the defendant having failed to appear and answer in his behalf, but wholly made default, and the court is of the opinion that the giving of the aforesaid replevy bond by defendant is such an appearance as in the absence of an answer by the defendant will warrant judgment by default against said defendant; wherefore, this court is of the opinion that the said Stebbins, Lawson & Spraggins Company ought to have and recover against the said Bray Brothers, defendant, its damages in the premises.'

"On November 1, 1910, the court rendered judgment against the defendant, Bray Company, under the name of 'Bray Brothers,' said names being used in the record interchangeably, and being one and the same corporation, for the amount sued for and rendered judgment against the American Surety Company of New York, plaintiff in error, herein, as sureties on the replevy bond theretofore filed by said Bray Company. From this judgment the American Surety Company of New York sued out its writ of error to this court on June 8, 1911. Supersedeas bond was by plaintiff in error presented to and approved by the court and filed June 8, 1911."

It is added by the court that it is in some doubt as to the authority of the trial court to render judgment by default against the Bray Company and the sureties upon the replevy bond; and therefore the following question is submitted:

"Was the execution and filing of the replevy bond referred to by the Bray Company with the plaintiff in error, the American Surety Company of New York, as surety, such an appearance in the suit on the part of the Bray Company as authorized judgment by default against said company and its surety on said replevy bond?"

We think the question should be answered in the negative. There has never been an authoritative holding in this State that the mere filing of a replevy bond constitutes an appearance on the part of the defendant. There are two decisions holding that it does not amount to an appearance, one by the Court of Appeals, Wells v. Ames Iron Works, 3 Ct. App. C. C. (Willson), sec. 297, and the other by the Court of Civil Appeals for the Third District, Yett v. Green, 39 Texas Civ. App., 184, 86 S. W., 787. Wells v. Ames Iron Works was an attachment suit, and the opinion was rendered in 1887, under the Revised Statutes of 1879, the provisions of which in respect to attachments were the same as those contained in Chapter 1 of Title 11 of the present statutes, with three exceptions which have no bearing upon this subject. Yett v. Green was a garnishment suit, but as related to this question, the effect of the filing of such a bond in a suit of that character is not to be distinguished from the filing of a like bond in an attachment suit. It was likewise so announced in Kennedy v. Morrison, 31 Texas, 207; and such, we believe, has been the generally recognized rule in the practice.

Our statutes at one time provided two methods for a defendant's obtaining the release of attached property,—one by the filing of a replevy bond conditioned for the return of the property to satisfy the judgment (Paschal Digest, art. 150); and the other by giving a bail bond, denominated special bail, conditioned for the payment of the debt and interest (Id., art. 152). It was expressly provided in the latter article that the giving of special bail should be deemed an appearance. The distinction between the two classes of bonds was emphasized in Kennedy v. Morrison. There special bail had been given, and it was accordingly held that an appearance had been entered, it being stated in the same con-

nection: "Had he (the defendant) simply replevied the property, he would not necessarily have, ipso facto, acknowledged service of the petition."

The judicial attachment, as distinguished from the ordinary original attachment, was also at one time a feature of our law; whereby, if a defendant could not be found in the county, the plaintiff might sue out a writ of attachment to be levied on his property. Paschal's Digest, art. 139. That article provided that if a levy should be made under the writ and the defendant should fail to appear and plead within the time permitted by law, the plaintiff should be entitled to judgment as in ordinary suits. In a number of cases, Briggs v. Smith, 13 Texas, 269; Gray v. Smith, 17 Texas, 389, and Walker v. Birdwell, 21 Texas, 93, such a levy, because of the terms of the article, was held equivalent to notice by citation, notwithstanding a further provision of the attachment law then in force, article 156, that in attachment suits no judgment should be rendered without service in the ordinary mode or by publication.

Neither special bail as a means of releasing property held under judicial seizure, nor the judicial attachment as a method of service upon a defendant, are now known to our law. But it is argued by counsel for the defendants in error that in the adoption of the present statutes and the repeal of those former articles, the Legislature intended that an original attachment sued out on the ground of non-residence of the defendant should still operate as a judicial attachment, with the same force as a substitute for service as formerly; and that the filing of a replevy bond should have the same effect as an appearance by the defendant as the giving of special bail, because of the similarity of the condition required to that of the bail bond.

Our present statutes in nowise provide for any such consequence, and an intention on the part of the Legislature just the contrary to that asserted is in our opinion to be presumed.

In the attachment of property of non-residents, notice of the suit in the mode prescribed by statute is, in the absence of an appearance, as indispensable an element of jurisdiction as seizure of the property. Under the laws of this State the levy upon property under a writ of attachment is not deemed notice of the cause of action on which judgment is sought: personal service, or notice by publication, is required. Stewart v. Anderson. 70 Texas, 590, 8 S. W., 295. This question, both as related to non-resident and resident debtors, is well settled, and there can be no occasion for its revival in this State.

The fact that former article 156. Paschal's Digest, declaring that no judgment should be rendered in attachment suits unless the citation or summons had been served in the ordinary mode, or by publication in the manner provided by law, no longer is a distinct provision of the attachment laws, is of no influence. Such is equally the declaration of present article 1885, a part of the Act of 1846, which reads:.

"No judgment shall, in any case, be rendered against any defendant unless upon service, or acceptance, or waiver of process, or upon an

appearance by the defendant, as prescribed in this chapter, except where otherwise expressly provided by law." Milburn v. Smith, 11 Texas Civ. App., 678, 33 S. W., 910.

The condition of the bail bond provided for in article 150, Paschal's Digest, as already noted, was for the payment of the debt and interest, and the giving of such a bond was, by express terms, made an appearance. A replevy bond under present article 258 is not required to be so conditioned. The obligation which it carries is alternative, that is, either to satisfy the judgment, or pay the value of the property seized with legal interest from the date of the bond. It would not be contended that more than the value of the property with legal interest could be recovered upon the bond if the judgment for the debt exceeded such value in amount. The bond is security for the debt only as and to the extent that the attached property was security for it under its seizure, with interest added. It simply takes the place of the property. Kildare Lumber Company v. Bank, 91 Texas, 95, 41 S. W., 64.

In some other jurisdictions it is held that the filing of a replevy bond is an appearance by the defendant in the suit, just as it has also been elsewhere held that in the attachment of property of non-residents, no notice other than its mere seizure is essential to the jurisdiction of the court,—a view apparently endorsed in Drake on Attachments, sec. 437, but repudiated in Stewart v. Anderson. But it is essentially a subject of statutory regulation. We have no such statutory provision; and in its absence, such effect, in our opinion, should not be given to the mere filing of such a bond.

The purpose of a replevy bond, its nature under our statute, and the relation of the property seized to the suit, for which the bond merely becomes the substitute, reasonably demonstrate that it is not to be treated, in itself, as an appearance in the suit. In cases of ordinary attachment the suit is upon a debt. The property is seized to satisfy the debt, and not because of the existence of any claim against the property itself. The issue in the suit is solely with respect to the debt. The property seized is in no way related to such issue. It is subjected to the attachment only because it is the defendant's property, and the judgment is paid out of it because of its having been brought within the custody of the law as security for such payment. The purpose of the replevy bond is to provide a remedy for the defendant, whereby he may procure the release of his property by placing the bond in the court in its stead. In giving the bond he does nothing in anywise related to the issue in the suit, or which has in any respect to do with the jurisdiction of the court over the cause of action, or the exercise of its jurisdiction. He invokes no action of the court. He makes no move in relation the cause of action. He does nothing which can in any way affect the cause of action. He merely places in the court that which the law says to him he may place there in lieu of his property. If the seizure of his property does not subject him to the court's jurisdiction, it is difficult to attach that consequence to an

act, in no way involving any issue in the case or its trial, which the law extends to him as a remedy for the release of his property. The right given by the statute to have his property restored by giving the bond is for the benefit of the defendant; and its exercise, wholly unrelated as it is to the cause of action or its determination, should in reason entail no result to his disadvantage which the law does not expressly declare.

The liability of the defendant on the bond is not to be confused with the liability sought to be adjudged against him on the cause of action. The right to subject the property to the payment of the debt under the attachment seizure being no part of the cause of action, the undertaking of the bond, the substitute for the property, becomes no part of it. The giving of the bond is an acknowledgment of liability under the bond, but it is a liability distinct from that of the cause of action. It is acknowledged only upon the condition of the liability under the latter being established, and is enforcible only in that event. It can hardly be said that an agreement of an obligor in a bond of this nature to be answerable upon it in the event he is cast upon a cause of action of which the bond is in no sense a part, necessarily indicates his acquiescence in the right of the court to subject him to the trial of such cause of action, or an intention to submit himself to its trial. The office of the bond under the statute is foreign to that of a waiver of any right which the defendant may have in relation to the cause of action asserted against him, and there should not be imposed upon the right to file it the consequence of such a waiver.

The fact that the sureties upon a replevy bond are subject to a judgment upon the bond without service of citation, as is generally held, furnishes no analogy in the determination of the question. The liability which is adjudged against them where the defendant is condemned in the suit, is upon the bond, and not upon the plaintiff's cause of action. They acknowledge such liability conditioned upon the defendant being so condemned when they execute the bond. There could be no reason for citation to them in respect to a liability which, in the execution of the bond, they agree the court may adjudge. They are answerable, without the necessity of any service, because the statute declares that judgment shall be rendered against them on the bond if the defendant is adjudged liable on the cause of action.

There would equally be no necessity for citation to the defendant if his liability upon the bond were the issue he is called upon to meet. But that is not the issue or any part of the issue which the court determines in the suit. The liability upon the bond does not become an issue. It exists as a matter of law once the defendant's liability on the cause of action is determined.

It is frequently stated in the cases that where property is attached and the defendant replevies it, the suit loses its character as an action *in rem* and proceeds as one *in personam*. This is true as affects the recovery on the bond. It is urged that unless the filing of a replevy

bond be given the force of an appearance by the defendant, a non-resident debtor, simply by replevying his attached property, may defeat the power of the court to subject it to the judgment, since no personal judgment may be validly rendered against a non-resident. If this were true, it would not for that reason warrant a holding that the filing of such bond is an appearance; for, if the law were lame in this particular, it would be a matter for correction at the hands of the Legislature rather than the courts. The question is not to be determined by the effect of its decision upon any particular class of cases. It is larger in its bearing than simply its relation to non-resident debtors. Our view is that in a case of the attachment of the property of a non-resident, the right of the court to subject the property to the judgment in virtue of its seizure, renders equally clear its authority to proceed against the bond as the equivalent of the property, to the extent of its value. If the result is the rendition of a personal judgment on the bond against a non-resident, it is in our opinion lawfully rendered, because of the undoubted right of the court under the statute, unaffected by any question concerning the residence of the defendant, to deal with the bond as it would with the property, and enforce it as the substitute for the property. It is unnecessary to determine this question. If there is any doubt as to the authority of the court to render judgment on the bond against a non-resident defendant, there can be none as to its right in such a case to render judgment against the sureties and thus enforce the bond. Revised Statutes, art. 1843.