**AMERICAN SURETY CO. OF NEW YORK v. STEBBINS, LAWSON & SPRAGGINS CO. (No. 6604.)**

(Court of Civil Appeals of Texas. Dallas. Jan. 8, 1916.)

APPEARANCE ☞8—WHAT CONSTITUTES—REPLEVY BOND.

The execution and filing of a replevy bond with a surety is no such an appearance by the defendant whose property was attached as will authorize judgment by default against defendant and its surety on the replevy bond.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 23–41; Dec. Dig. ☞8.]

Error from Dallas County Court; W. M. Holland, Judge.

Action by the Stebbins, Lawson & Spraggins Company against the Bray Company begun by attachment. Defendant filed a replevy bond with the American Surety Company of New York as surety. There was judgment by default against defendant and the surety, and the surety brings error. Question certified to the Supreme Court in 180 S. W. 101. Reversed and remanded.

Lively, Nelms & Adams, of Dallas, for plaintiff in error. Saner & Saner, of Dallas, and J. Robert O'Connor, of Los Angeles, Cal., for defendant in error.

TALBOT, J. The Stebbins, Lawson & Spraggins Company brought this suit against the Bray Company to recover $730.86, alleged to be due on account. A writ of attachment was sued out and levied upon certain personal property of the defendant. On August 5, 1910, the defendant, the Bray Company, replevied the property attached by giving bond with the plaintiff in error herein as surety. Citation to the Bray Company was issued but not served, the sheriff's return reciting that said company had gone to Kansas City to reside and could not be found. On November 1, 1910, judgment was rendered against the said defendant for the amount sued for, and against the plaintiff in error, American Surety Company, as surety on the replevy bond. From this judgment

the American Surety Company sued out a writ of error to this court.

The controlling question presented for determination is whether or not the execution and filing of the replevy bond by the Bray Company, with the plaintiff in error as surety, was such an appearance on the part of the Bray Company as authorized judgment by default against said company and its surety on the replevy bond.

This question was certified by this court to our Supreme Court for decision and the same answered in the negative. In passing upon the question the Supreme Court handed down an exhaustive opinion, to which we feel we can add nothing useful. The opinion of the Supreme Court, together with a full statement of the case, will be found in 180 S. W. 101. The decision of the Supreme Court, in which we concur, requires a reversal of the case, and in order that the defendant in error, the Stebbins, Lawson & Spraggins Company, may have an opportunity to secure service of citation on the Bray Company in some mode provided by statute the case will be remanded.

Reversed and remanded.

