## UNITED STATES FIDELITY & GUARANTY CO. v. MUELLER. (No. 8065.)

Court of Civil Appeals of Texas. San Antonio. Nov. 14, 1928.

Rehearing Denied Feb. 6, 1929.

Hertzberg & Kercheville, of San Antonio, for appellant.

Chas. F. Guenter, Jr., and Douglas, Carter & Black, all of San Antonio, for appellee.

COBBS J. Suit was originally brought by H. Mueller, doing business as H. Mueller Distributing Company, appellee, against United States Fidelity Company, to recover $1,625 deposited by plaintiff on a blanket contract and $282.75, for damages. Mueller sued out an attachment which was levied on 2,030 blankets which the sheriff valued at $1,891.50, for which a replevy bond was given in the sum of $1,891.50 by appellant.

This case was originally before this court and reported in 252 S. W. 1076.

J. Gollober died April 27, 1925, and the pleading was amended, making appellant a party, together with the widow, Ida Gollober, Flora Gollober, Isaac Gardner, Anna Gollober Levin (widow), and Irving Gollober; the last named being the surviving widow and children, heirs at law, and all legatees under the will of the said J. Gollober, who took his entire estate thereunder.

All the defendants were duly cited, but only appellant answered, the others making default, So the only party before this court defendant is appellant, the surety.

Findings of fact were made by the trial court, as follows:

"I find that all of said heirs were duly substituted as defendants, in lieu of said Julius Gollober, and were duly cited herein and made default; and that they are non-residents of Texas. I find that said substituted defendants are liable to plaintiff (ex-

cept that no judgment can be rendered against them because of being non-residents) for the $1,625.00 deposit or earnest money paid by plaintiff on said blanket contract; and for $356.54 which plaintiff was compelled to pay as freight charges to the railway company to enable the sheriff to levy the writ of attachment.

"I find that no part of said $1,981.54 has been paid to plaintiff. In this connection, plaintiff's counsel stated that plaintiff conceded that a recovery herein could only be had against United States Fidelity & Guaranty Company, as surety on the replevin bond and that such recovery should be limited to $1,890.50, the amount of said bond, and that for that reason no proof would be offered as to other items of damage at this trial."

The conclusions of law of the trial court were as follows:

"1st. I conclude that defendants Gollober, Gardner and Levin (five in all) were properly substituted for Julius Gollober under Art. 2080 of the 1925 civil statutes, but that, because they are non-residents of Texas, no personal judgment can be rendered against them.

"2d. I find that under the provisions of Art. 2088 a judgment can be rendered against United States Fidelity & Guaranty Company, as surety on the replevy bond notwithstanding the death of Julius Gollober.

"3d. Accordingly, plaintiff is entitled to a judgment against United States Fidelity & Guaranty Company for the amount of said bond ($1,891.50) with interest and costs, but that no personal judgment can be rendered against the other five defendants."

In view of the fact that the cause was brought into court by and through the medium of an attachment, it became a proceeding in rem, with all the parties before the court in respect thereto. It is true, the appellant having voluntarily come before the court by delivering its bond, it was duly cited and was before the court as a surety for the determination of all questions in respect to the attached property. We can see no reason for bringing the surviving heirs into court, except it be as held in Muenster v. Tremont National Bank, 92 Tex. 422, 49 S. W. 362, in which the court said: "If the heirs or legal representatives had been made parties to the suit they would have taken the claimant's place, and their failure to establish the right would have entitled plaintiff to judgment on the claim bond."

This was in respect to a case involving the claim to property tried under a claimant's oath and bond.

Defendants were proper parties, if not necessary parties. On the trial of this case, the court found the issues against them, but, as they were nonresidents, entered no personal judgment against the heirs, but bound them on the merits of the case because the court acquired jurisdiction of the subject-matter prior to the death of their ancestor. His death did not abate the suit, and the adjudication of the property rights in question was binding upon the sureties and heirs of the deceased alike. If, in order to subject the heirs at law to the obligation of their parents, who are nonresidents, by showing they got part of the parent's estate, clearly it has been shown they got all of the parent's interest in the estate under the will, including that which was seized. Appellants neither returned, nor offered to return, any part of the attached property, as they had the right to do under the bond, which placed the property in custodia legis.

This was a suit in the nature of a proceeding in rem, in which only the surety was interested, and was for the sole determination and disposition by the court, for the surety had no property rights in the attached property. The heirs, having the opportunity, made no defense nor set up any claim therein.

Gollober died, leaving a will, duly probated, in which he declared all his estate was community property between himself and wife, and, after making certain gifts to his wife and children, appointed executors to carry it out, as follows:

"I appoint said Wells Fargo Bank and Union Trust Co. of San Francisco and my son, Irving Gollober, as executors of this my Will, to serve without bonds and I give to my said executors or either of them who may qualify, full power and authority to sell, mortgage or lease all or any part of my estate, with or without notice, as may be deemed the best, and without permission from, or confirmation from the Court having jurisdiction over the administration of my Estate."

It is assumed the amount of the bond is the value of the replevied property. Calvert v. Bennett, 286 S. W. 308. Before appellee could attach the blankets, he had to put up and advance the freight charges thereon of $356.54. It covered the transportation of the 29 bundles. Appellee paid for the 3,010 blankets previously received, as stated. He had previously, and when the contract was entered into, deposited with deceased $1,625 on the contract. The judgment rendered was for $1,625, the amount of the deposit, and the further sum of $356.54, which included the amount appellee paid as freight on the goods. The total amount of judgment recovered is $1,891.50, the amount of the bond.

The contention of appellant would lead us to hold, in cases where property of a nonresident is attached and a replevy bond given by a nonresident surety, the surety would be freed of his obligation, unless a personal judgment be taken. We do not think so. A proceeding by attachment is a proceeding in rem and places the property in custodia legis, subject to the ultimate disposal thereof by the court. The bond stipulates that the attached property "has been permitted to re-

main in the hands of the said Sheriff," and, 'if he be "condemned in the above entitled action he shall satisfy the judgment which may be rendered therein or shall pay the estimated value of the property with lawful interest thereon from the date of this bond." It was given on the 19th day of January, 1921.

No offer to return any of the property having been made prior to the suit, the surety stood bound for the payment of the "estimated value of the property with lawful interest thereon from the date of this bond."

■ We think the judgment of the trial court has been supported by the evidence, and we shall not disturb it. We agree with the remark of Chief Justice Phillips, uttered in American Surety Co. v. Stebbins, Lawson, Spraggins & Co., 107 Tex. 413, 180 S. W. 101, L. R. A. 1916F, 583. Under the article in question, we believe a surety may be held without first rendering judgment against him. However, this point is discussed in American Surety Co. v. Stebbins, Lawson, Spraggins & Co., 107 Tex. 413, 180 S. W. 101, L. R. A. 1916F, 583, but not decided. The liability of the surety on the bond exists as a matter of law, whenever the liability of the defendant is established.

■■ In order to recover here, it was not necessary to show that the heirs got any part of the estate, but if so, the will settled that fact as well as the default judgment against them. They were the personal representatives of the deceased. The suit was filed during his lifetime and his will duly probated passed his entire estate to them.

We have carefully examined all the points raised by assignment or proposition, and overrule the same, and affirm the judgment of the trial court.