## AVIATION CREDIT CORPORATION OF NEW YORK v. UNIVERSITY AERIAL SERVICE CORPORATION. *

### No. 1047.

Court of Civil Appeals of Texas. Eastland.
March 17, 1933.

Rehearing Denied April 21, 1933.

---

*Writ of error granted.

William H. Russell, of San Antonio, and Martin, Shipman & Winters, of Abilene, for appellant.

Kirby, King & Overshiner, of Abilene, for appellee.

HICKMAN, Chief Justice.

The appellee instituted this suit for the purpose of recovering double the amount of usurious interest alleged to have been paid to appellant under a contract. In due time appellant filed its plea of privilege to be sued in Bexar county, to which appellee filed exceptions as to its sufficiency, and also a controverting plea. Notice of the controverting plea was not served upon appellant or its attorneys. Later in the same term, without notice to appellant, appellee presented its exceptions, which were by the court sustained, and an order was entered striking the plea of privilege from the record. At the institution of its suit appellee caused a writ of attachment to issue and be levied upon two airplanes belonging to appellant and situated in San Antonio. These airplanes were repossessed under a replevy bond executed by appellant as principal and the United States Fidelity & Guaranty Company as surety. When the trial court sustained the exceptions to the plea of privilege, appellee announced ready for trial on the merits; whereupon the court heard the evidence and rendered judgment by default against appellant as principal and the surety on its replevy bond, jointly and severally, for the sum of $2,935.60, it being double the amount of the usurious interest which the court found appellee paid to appellant. Appellant learned of the rendition of this judgment in a short time after it had been entered, and during the same term of court, and immediately filed a motion for new trial, and later filed an amended motion, which was overruled, and this appeal was prosecuted.

■ The first question for determination relates to the jurisdiction of the trial court to hear and determine the cause. The suit is authorized by, and was prosecuted by, virtue of the terms of article 5073, R. S. 1925. This article provides for the recovery of double the amount of usurious interest paid, and then provides: "Such action shall be instituted in any court of this State having jurisdiction thereof, in the county of the defendant's residence, or in the county where such usurious interest shall have been received or collected, or where said contract has been entered into, or where the parties who paid the usurious interest resided when such contract was made." The appellant is a New York Corporation, and has no domicile in Taylor county, where the suit was instituted. The appellee, a Texas corporation, has its domicile in Travis county, where the usurious interest was paid. The contract was made by correspondence through the mail. If the statute above quoted is not a venue statute, but is jurisdictional, the trial court was not empowered to hear and determine this cause, and the appeal would confer no authority upon this court other than to dismiss the case.

We have before us a copy of the opinion of the Supreme Court in Alpha Petroleum Co. v. Terrell, 59 S.W.(2d) 364, released on February 13, 1933, not yet reported [in State Reports]. We have carefully considered the question in the light of that opinion, and the authorities cited, and in our consideration have had the benefit of supplemental briefs by the attorneys for each litigant. Our conclusion is that article 5073 is a venue statute. All doubt on this question was removed from our minds when our attention was called to the history of the article. The first legislative act providing for the recovery of double the amount of usurious interest paid as a penalty will be found in the Revised Statutes of 1895, as article 3106. That article did not name the counties in which the suit might be instituted. Under that statute it was held that, since the action was one in the nature of an action of debt, the suit to recover same must be brought in the county of defendant's residence. Wartman v. Empire Loan Co., 45 Tex. Civ. App. 469, 101 S. W. 499. The statute was amended by the Thirtieth Legislature by an act approved April 18, 1907, c. 143 (Gammel's Laws, vol. 13, p. 277). This amended law is the same as our present article 5073. The caption and emergency clause of the amendment of 1907 make plain the legislative intent. The caption is as follows: "An Act amending Art. 3106, Title 59, of the Revised Statutes of the State of Texas, 1895, and prescribing the pains and penalties for the collection of usurious interest, and fixing the *venue* of suits for the recovery of same, and declaring an emergency." (Italics ours.)

The emergency clause is as follows: "The fact that many persons in this state are now engaged in lending money to poor people and exacting promissory notes secured by chattel mortgages therefor, payable in the county of the residence of the payee, and that large sums of money are being collected as usurious interest thereon, and that the persons paying such usurious interest are in most instances compelled to go to a distant county to maintain suits for the recovery of the penalty prescribed for the collection of usurious interest, which practically defeats the purposes of the law, and the fact that the pains and penalties now prescribed by law for the collection of usurious interest are inadequate, creates an emergency. * * *"

A consideration of the caption and emergency clause leads us readily to the conclusion that it was the clear intent of the Legislature to make this a venue statute and not one of jurisdiction.

■ The trial court did not err in sustaining the exceptions to appellant's plea of priv-

ilege. It alleged therein that it was domiciled in, and a resident of, New York State. Nowhere did it allege that it also had a domicile in, or was a resident of, the state of Texas. Venue was sought to be transferred to Bexar county on an allegation that appellant had an agent in that county in the person of James B. Stafford. Article 1995, R. S. 1925, provides: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases. * * *" Follow then certain exceptions not necessary here to mention. Article 2007, R. S. 1925, provides: "A plea of privilege to be sued in the county of one's residence shall be sufficient if * * * shall state the county of his residence at the time of such plea." These statutes, by their express terms, are available only to inhabitants of this state, and the only county to which a cause could be transferred upon a plea of privilege is the county in this state of defendant's residence or domicile. There is no statutory authority for transferring a cause by plea of privilege to the county where the defendant has an agent merely, but the whole legislation has to do with the right of a defendant to be sued in the county in which he has his domicile and to protect that right by having cases transferred to that county. This does not at all mean that a foreign corporation could not avail itself of the benefits of these statutes, provided it had established its domicile in this state. For the purpose of venue a party may have more than one residence or domicile, and, notwithstanding the appellant had its domicile in the state of New York, it might have also had one in Texas, but the plea of privilege wholly failed to allege any domicile in Texas, and that omission rendered it fatally defective. This question was before the Fort Worth court in Holcomb v. Williams (Tex. Civ. App.) 194 S. W. 631, 632, and was disposed of in the opinion by Chief Justice Conner in this language: "Evidently the general rule can have no application in this case, for by its terms it is applicable only to inhabitants of this state. Appellee, being an inhabitant of the state of Illinois, does not come within the purview of the general rule."

The next question presented relates to the power of the trial court to render a personal judgment against appellant, a nonresident, after striking its plea of privilege from the record. We agree with appellant's contention that the effect of striking its plea of privilege from the record was to leave the case in the same situation as it would have been had the plea never been filed. Appellant was duly served with a statutory notice to nonresidents. By filing its plea of privilege it entered its appearance. Texas Employers' Insurance Association v. Evans (Tex. Civ. App.) 2 S.W.(2d) 566, and authorities there cited. This plea was stricken from the

record. Absent a replevy bond, it is clear to our minds that the court would have been without power to render a personal judgment against appellant, but its judgment should have been one establishing the amount of appellee's claim and ordering a foreclosure of its attachment lien upon the two airplanes against which attachment was run. The estimated value of these planes exceeded the amount of appellee's claim. The replevy bond was in an amount equal to their estimated value. If the filing of a replevy bond by a nonresident who has been served but has filed no answer does not authorize the trial court to render a personal judgment for an amount not exceeding the value of the property replevied, then the plaintiff must lose his rights, because he has not the power to compel the defendant to make a personal appearance. It is the settled law of this state that the filing of a replevy bond is not such an appearance by the defendant as authorizes judgment by default against it and its surety, without the service of process personally, or by publication. American Surety Co. v. Stebbins, Lawson & Spraggins Co., 107 Tex. 413, 180 S. W. 101, 104, L. R. A. 1916F, 583.

In the case last cited there had been no character of service upon the defendant, and it was held that the court was without power to render judgment, but the question involved in the situation presented in this case is not overlooked. We quote from that opinion as follows: "It is urged that, unless the filing of a replevy bond be given the force of an appearance by the defendant, a nonresident debtor, simply by replevying his attached property, may defeat the power of the court to subject it to the judgment, since no personal judgment may be validly rendered against a nonresident. * * * Our view is that, in a case of the attachment of the property of a nonresident, the right of the court to subject the property to the judgment in virtue of its seizure renders equally clear its authority to proceed against the bond as the equivalent of the property, to the extent of its value. If the result is the rendition of a personal judgment on the bond against a nonresident, it is in our opinion lawfully rendered, because of the undoubted right of the court under the statute, unaffected by any question concerning the residence of the defendant, to deal with the bond as it would with the property, and enforce it as the substitute for the property. It is unnecessary to determine this question. If there is any doubt as to the authority of the court to render judgment on the bond against a nonresident defendant, there can be none as to its right in such a case to render judgment against the sureties and thus enforce the bond."

Undoubtedly the court was authorized to render a personal judgment against the surety, and no reason can be perceived for denying it an equal right against the principal.

Liability upon the bond existed as a matter of law when the court determined appellant's liability upon the cause of action. The court had the right to determine the liability on the cause of action, because the appellant had been properly served with notice. We think it must follow that, since the bond stood in place of the property, the court had the right to render personal judgment against appellant and its surety thereon.

■ It is claimed that there was no evidence of the value of the attached property. The record disclosed that the sheriff estimated the value at $5,000. This is some evidence. Article 302, R. S. 1925; Wells v. Cloud (Tex. Civ. App.) 202 S. W. 331; Rosser v. Hale (Tex. Civ. App.) 235 S. W. 968.

■ The assignment challenging the sufficiency of the evidence to support the judgment rendered is overruled. The evidence was general in its nature, and did not disclose the details of the transaction with that particularity that it would have done had the appellant not made default. But that was not required. Evidence is not required when default is made except where the cause of action is unliquidated, and then only as to the damages. A default operates as an admission of every material allegation of the petition which is properly pleaded. Gamel v. City National Bank (Tex. Com. App.) 258 S. W. 1043; Martin v. Lee County State Bank (Tex. Civ. App.) 265 S. W. 1057; Citizens' Bank v. Brandau (Tex. Civ. App.) 1 S.W.(2d) 466; Milford v. Culpepper (Tex. Civ. App.) 40 S.W. (2d) 163; Freeman on Judgments, § 1281.

The fact that appellant is a nonresident does not affect this rule. It was personally served with notice, and article 2038, R. S. 1925, provides: "A defendant served with such notice shall be required to appear and answer in the same manner and under the same penalties as if he had been personally served with a citation within this State." Wilson v. National Bank of Cleburne, 27 Tex. Civ. App. 54, 63 S. W. 1067.

The petition alleged all facts necessary to recover, and the evidence was sufficient to establish the amount of the damages. Nothing more was required even if it be considered that the action was for unliquidated damages, a question which we are not called upon to determine.

■ In its motion for a new trial appellant alleged facts designed to establish that its failure to file an answer on the merits was not due to the neglect of its attorney, but that it was due to the actions of one of the attorneys for appellee in misleading its attorney. We shall not set out these allegations in this opinion, because they become immaterial in view of our holding that no meritorious defense was alleged. It is the settled law that the duty devolved upon appellant, not only to exonerate itself from negligence in failing to file an answer, but to allege a meritorious defense to appellee's cause of action. Freeman v. Miller, 53 Tex. 377; Keller v. Young (Tex. Civ. App.) 186 S. W. 405; Green v. Cammack (Tex. Civ. App.) 248 S. W. 739.

■ The allegations designed to show a meritorious defense were as follows:

"That on or about October 23rd, 1929, this defendant drew time drafts on the plaintiff in the sum of $5432.00 and $4126.00 respectively, which were thereafter accepted by the plaintiff herein, and that on or about August 14th, 1930, the plaintiff's obligations to this defendant having been reduced to $3960.00 and $3007.86 respectively, this defendant drew new time drafts on the plaintiff for such amounts which were by the plaintiff accepted on or about August 25th, 1930, and payable at three months' sight to the order of this defendant and that thereafter on or about November 14th, 1930, such obligations having been reduced to the sums of $3564.00 and $2707.08 respectively, this defendant drew new time drafts on the plaintiff for such amounts which were by the plaintiff accepted on January 6th, 1931, payable at three months' sight, to the order of this defendant, and that such drafts provided for interest after maturity at the highest legal rate and 15% collection charges, so that during all of such times the plaintiff herein was justly indebted to this defendant in the amounts shown, being largely in excess of the amount claimed by the plaintiff to have been paid by it as usurious interest and even if such usurious interest was in fact paid, which is not admitted, the same should have been, and under the law, is thereby applied to the principal and in this connection, this defendant shows that plaintiff is still justly indebted to it in said last mentioned sums, as evidenced by said written obligations.

"This defendant shows that the first mentioned time drafts have been returned to the plaintiff and are in its possession, and the plaintiff is here now notified to produce the same upon trial hereof or secondary evidence thereof and of their contents will be offered.

"Defendant further shows that such written obligations are payable and therefore performable in New York State and governed by the laws of that forum and that under such laws action for usury is barred within one year from payment and limited to amount above legal rate and that plaintiff being a corporation may not recover any usurious interest."

The fact that appellee had not paid all of the principal of its obligation to appellant is no defense to a suit of this nature. The law does not apply payments to the principal which were made and received as interest. It will make such application only in the absence of an agreement that the payments were made as interest. Rosetti v. Lozano, 96 Tex. 57, 70 S. W. 204; Stout v. Bank, 69 Tex.

389, 8 S. W. 808; Alston v. Greene (Tex. Civ. App.) 43 S.W.(2d) 478.

Nor is a meritorious defense alleged by the allegation that the laws of the state of New York govern the transaction. The motion does not allege that the contract upon which usurious interest was paid was performable in the state of New York. It merely alleges "that such written obligations are payable, and therefore performable in New York State." The written obligations referred to are the time drafts mentioned in the motion, which were affirmatively alleged not to have been paid. An allegation that certain unpaid time drafts were payable in New York falls far short of amounting to an allegation that the contract upon which the usurious interest had been paid was performable in New York. It therefore becomes unnecessary to consider the interesting question of whether the laws of New York would govern the transaction.

It is our conclusion that appellant's motion alleged no meritorious defense to the cause of action asserted by the appellee, and that therefore the trial court did not err in overruling it.

What has been written above disposes of every material question presented in appellant's brief. Since each contention has been overruled, it follows that the judgment of the trial court should be affirmed.

### On Rehearing.

Both appellants, Aviation Credit Corporation and United States Fidelity & Guaranty Company, have filed motions for rehearing, which have received careful consideration. It is urged by the former that the effect of striking the plea of privilege was to "deprive the trial court of the right to proceed further, and leave the case not only in the same situation as it would have been had the plea never been filed, but in the same situation as it would have been had the notice never been served on this appellant." If that contention is correct, it follows that appellant is in the same situation as that involved in American Surety Co. v. Stebbins, Lawson & Spraggins Co., 107 Tex. 413, 180 S. W. 101, L. R. A. 1916F, 583, and the court was without authority to render a personal judgment against either the principal or the surety. The leading case relied upon in support of the contention that the effect of striking the plea of privilege was to recall the personal notice theretofore served is Windsor v. McVeigh, 93 U. S. 274, 23 L. Ed. 914. We do not think the case is authority for the contention. That case was an action instituted against a citizen of Virginia under an act of Congress passed during the Civil War "to suppress insurrection, to punish treason and rebellion, to seize and confiscate the property of rebels, and for other purposes." Monition and notice

were issued and published, in response to which the owner made appearance to contest the proceeding, but his answer was stricken and his right to appear denied. It is small wonder that the Supreme Court used strong language in disposing of the question. But that is not the situation in the instant case. Appellant was not refused the right to file an answer. It had the unquestioned right to do so, and could have filed an answer on the merits subject to its plea of privilege, thus preventing the rendition of a default judgment against it. It did not choose to do so, but rather chose to file a plea of privilege, which, in our opinion, was insufficient to present any question for decision. The court properly sustained demurrers to this plea and proceeded to hear the case on its merits in the absence of any answer filed. That portion of the decree striking the plea from the record added nothing thereto.

This question was presented in the cases of Western Mutual Fire Ins. Co. v. Childress (Tex. Civ. App.) 238 S. W. 348, and Luse v. Curry (Tex. Civ. App.) 261 S. W. 195, 196. In the latter case it was disposed of in this language: "As to the proposition that the court erred in hearing the case on its merits, after striking out the plea of privilege, there was no other course to pursue, for the reason that the case then stood as if no plea had been filed; and, no answer to the merits having been filed, judgment by default was proper."

On the question of whether a meritorious defense was alleged, the surety company makes the suggestion that, in view of the fact that appellee's counsel misled appellants' counsel, this court should "not require much of a showing of meritorious defense for a refusal to sanction such unconscionable acts." We held that the allegations made no showing. Evidently that was the holding of the trial court, for he refused to hear any evidence in support of the motion. Our duty is to support that ruling, unless error is shown. We would gladly give appellant the benefit of all reasonable intendments, but a meritorious defense must be alleged. If none was alleged, there is no ground for liberality.

It is suggested that there is no positive testimony as to the amount of usurious interest paid. It is true that the only witness who testified stated that he thought, according to his papers, he paid appellants $1,467.80. The trial court was not satisfied with this testimony, and before ruling on the case propounded this interrogatory: "You paid this amount of money that you stated at the rate of 1% per month in advance?" To which the witness answered "Yes." We think that testimony sufficiently definite.

It is recognized that difficult questions are presented in this case, but we have given each one a careful consideration and reconsideration, and the opinion heretofore ren-

dered reflects our conclusions on the law governing the several questions.

Both motions for rehearing will therefore be overruled.