**Max N. LEDER et al., Appellants,**

**v.**

**W. L. STOUT et al., Appellees.**

**No. 6424.**

Court of Civil Appeals of Texas.

Amarillo.

Sept. 20, 1954.

Rehearing Denied Oct. 25, 1954.

Richards & Richards, Dalhart, for appellants.

King Fike, Dalhart, Aldridge & Aldridge, Farwell, for appellees.

NORTHCUTT, Justice.

This was an action brought in the District Court of Dallam County, Texas to enjoin the levying of an execution issued on a final judgment theretofore rendered by said court. In the original suit, A. D. Bonner sued Simon Herzstein, Jr., and had an attachment issued upon certain real estate.

Before the trial in the original suit, Herzstein replevied the real estate by giving a replevin bond with Max N. Leder and Clyde W. Houser as sureties, in which all parties acknowledged themselves bound to pay A. D. Bonner "condition—that should the defendant be condemned in the above entitled action he shall satisfy the judgment which may be rendered against him therein, or shall pay the estimated value of the property, with interest thereon from the date of this bond." Judgment in the original suit in part was entered as follows:

"It is therefore ordered, adjudged and decreed by the Court that the plaintiff herein, A. D. Bonner, do have and recover of and from the defendant Simon Herzstein Jr. as principal and Max N. Leder and Clyde W. Houser as sureties judgment in the amount of $2,395.01, (being the sum of $2,208.33 plus interest thereon at the legal rate of 6% per annum from December 31st, 1946 to date of trial) together with interest on said amount of $2,395.01 from date at the rate of 6% per annum and all costs of suit, for which let execution issue."

Herzstein appealed this judgment but the same was affirmed by the Court of Civil Appeals, 215 S.W.2d 661. Before the mandate was issued from the Court of Civil Appeals, Herzstein had sold all of his property and moved from the state of Texas. After the mandate was issued and returned to the District Court of Dallam County, A. D. Bonner and his attorneys were unable to get Herzstein to pay the judgment. After Bonner's attorneys were unable to hear from Herzstein, they informed Leder they could not hear from Herzstein and that they would have to collect the judgment from Leder. Leder told the attorneys he would call Herzstein and get him down here. After Leder called Herzstein, Herzstein came from Colorado and made a substantial payment on the judgment and, during Herzstein's communication with Bonner's attorneys, paid all of the said judgment but $1,000 and said attorneys agreed to extend the time of payment as to the remaining portion of said judgment until March 15, 1951.

After being unable to collect the remaining portion of said judgment, Bonner and his attorneys, in February, 1952, caused an execution to be issued upon said original judgment to collect the balance of the same and placed the same in the hands of W. L. Stout as sheriff of Dallam County, Texas. Before this matter was determined, R. C. Johnson was elected and qualified sheriff in the place of W. L. Stout. Upon application of Leder and Houser, a temporary restraining order was issued restraining Stout and Johnson, their deputies and successors from levying upon, advertising or selling any of the properties of Leder or Houser until final hearing upon said application. Leder and Houser also sought judgment as to Bonner and his attorneys, Fike and Aldrich, forever holding for naught, as to Leder and Houser, the judgment and to have the judgment declared null and void and fully released as to Leder and Houser. Upon final hearing upon the application, the temporary restraining order was dissolved and held for naught and the permanent injunction being in all things denied. From this judgment, appellants perfected this appeal.

The sole question presented herein and as presented by both attorneys in their oral argument is whether Leder and Houser were released from all liability under said judgment when Herzstein was granted an extension of time in which to pay the remaining portion of the judgment. Both appellants and appellees stated they had been unable to find a case directly in point and neither have we. We do not question the proposition that a surety on a promissory note is released when the payee extends the time of payment without the consent or knowledge of the surety but we are of the opinion that Leder and Houser do not come within this rule. There is no question but what Herzstein had moved to the state of Colorado and resided there at all times pertinent to this suit. Under this record, Bonner had attached the property in question to assure the payment of his judgment when and if he recovered judgment. Leder testified that he signed the replevin bond so that Herzstein could sell the property in question. He certainly understood the effect of his undertaking. Houser did not appear and testify. It is true, judgment was taken against Herzstein as principal and Leder and Houser as sureties but judgment was taken as to all three for the whole amount of the judgment. The sureties signed a replevin bond binding themselves to satisfy the judgment which may be rendered against the principal and this, in effect, also binds the sureties.

As a general rule, an unqualified agreement to perform a certain act necessarily includes the performance of those things which will enable or permit one to fulfill such obligation. Probably there are exceptions to the rule but the matter we are about to refer to does not constitute one of them. The obligation of the signers of a replevin bond undertaking does not cease until the action in which it is given is brought to a final judgment and, if it be determined against the principal in the suit, until such judgment is complied with. Article 300 of Vernon's Civil Statutes of Texas provides that the execution of a writ of attachment upon any property of the defendant subject thereto, unless this writ should be quashed or otherwise vacated, shall create a lien from the date of such levy on the real estate levied on, etc. There was a lien created on this property at the time of the levy and the same continued to exist until the replevin bond was approved and the property released. When this was done, the sureties took the place of the property. American Surety Co. of New York v. Stebbins, Lawson and Spraggins Co., 107 Tex. 413, 180 S.W. 101, at page 103, L.R.A.1916F, 583. If this property had never been released by the replevin bond and the extension herein given to Herzstein been given to him, this certainly would not have released his property. Since the sureties took the place of the property, neither did they become released by such extension. The Supreme Court in a case above cited, 180 S.W. 101, holds that the purpose of a replevin bond, its nature under our statutes, and the relation of the property seized, merely becomes the substitute for the property. Injunction is an equitable relief granted by a court of chancery to prevent irreparable injury as a consequence of an unlawful act for which the common-law courts offer no relief or, at least, no adequate relief. The extension here claimed did not in any manner injure the appellants but, on the contrary, helped them by Herzstein making the payments he did and reducing the amount of the judgment for which the appellants were responsible. At all times pertinent to this suit, Herzstein had no property in this state and lived in Colorado. In the case of Lindsey v. Williams, Tex.Civ.App., 228 S.W.2d 243, 250, the court said:

"Appellants further assert that the judgment shows upon its face that the recovery for rents was the result of a compromise agreement between plaintiffs and defendants, without the knowledge or consent of the surety and by reason thereof the surety was released and discharged.

"It is the general rule that the surety must leave the conduct of the case to the defendants and it is not permitted

to contest the liability of the defendants to the plaintiff."

We realize this statement is not in full accordance with this case, but since, under Article 3773 of Vernon's Texas Civil Statutes, the appellees could have execution issued to protect their judgment at any time within a ten year period and this judgment being against appellants as well as Herzstein, we believe it would be a joint and several judgment and no injury was done appellants.

We overrule the appellants' assignments of error. Judgment of the trial court affirmed.