Atchison, Topeka & Santa Fe Railway Company v. Ben Stevens.

No. 3080.   Decided November 20, 1918.

1.—Jurisdiction—Appearance.

A special appearance is unknown to our practice. The filing by defendant of any defensive pleading, though it be only for the purpose of challenging the jurisdiction of the court, constitutes an appearance and a submission to the jurisdiction of the forum.   York v. State, 73 Texas, 651, followed.   (P. 268.)

2.—Venue—Foreign Corporation—Agency.

A foreign railway corporation is entitled to maintain its plea of privilege to be sued only in a county of the State in which it does business and maintains an agent.   (P. 268.)

3.—Same—Agency—Railway System—Domestic Corporation.

A Texas railway corporation, though it constitutes a part of a large railway system and the principal part of its stock is owned by a foreign corporation, a member thereof, can not for that reason be treated as agent of such parent company and its agents as agents of the latter; nor can the foreign corporation be held to be doing business in Texas and legally being in Texas through the instrumentality of such auxiliary domestic corporation. Pecos & N. T. Ry. Co. v. Cox, 106 Texas, 74; Peterson v. Railway Co., 205 U. S., 364, followed as authoritative, in preference to Buie v. Railway Co., 95 Texas, 51.   (Pp. 268, 269.)

4.—Same—Case Stated.

Agents of a domestic railway corporation constituting a part of the Santa Fe System were served with citation as agents of the Atchison, T. & S. F. Ry. Co., the parent and foreign corporation, in an action by a resident of another State. They denied such agency under oath, as amici curiae. Being held to answer in spite of such denial, the Atchison company filed, under protest, a plea to the venue, alleging that it was not doing business nor maintaining an agent in the county of the forum, and claiming the right to be sued in one of several other specified counties of the State, in which only it was doing business.   Held:

(1) That the question of jurisdiction was eliminated by filing the defensive answer.

(2) That the plea of privilege, the facts being proven, should have been sustained.

(3) That, the cause being therefore reversed and remanded, the trial court is directed to transfer the case to such one of the counties named as plaintiff should select.   (Pp. 267-269.)

5.—Selection of Venue—Dissenting Opinion.

Mr. Justice Hawkins, concurring otherwise in the disposition of the case, is of opinion that the trial court, and not the plaintiff, should select the county to which venue is to be changed.   (P. 269.)

Error to the Court of Civil Appeals for the Eighth District, in an appeal from El Paso County.

Stevens sued the railway company and had judgment.   It was affirmed on appeal by defendant, who thereupon obtained writ of error.

*Terry, Cavin & Mills, Turney & Burgess,* and *A. H. Culwell (Turney, Culwell, Holliday & Pollard),* for plaintiff in error.—The fact that a railway company incorporated under the laws of another State owns

the stock or a majority thereof of a Texas railway corporation does not make the officers and agents of the latter officers and agents of the former for the purpose of service or otherwise, nor does the fact that a conductor employed by the Texas company when not in the service of the Texas company is employed by the foreign company in the State of New Mexico make such conductor an agent in Texas for the purpose of service on the foreign company, nor do these facts subject the foreign company to suit in Texas on a cause of action arising against it in another State. Peterson v. Chicago, R. I. & P. Ry. Co., 205 U. S., 364; Green v. Chicago, B. & Q. Ry. Co., 205 U. S., 530; P. & N. T. v. Cox, 106 Texas, 4; St. Louis & S. F. Ry. Co. v. Hale, 153 S. W., 411; Pullman P. P. Co. v. Missouri P. Ry. Co., 115 U. S., 587; Royce v. Chicago & N. W. Ry. Co., 156 Pac., 16; Erie R. R. Co. v. Van Allen, 69 Atl., 484; Earle v. C. & O. Ry. Co., 127 Fed., 235; Wold v. Colt Co., 114 N. W., 243; Ladd, etc., Co. v. American Mining Co., 152 Fed., 1008; Wisconsin Cattle Co. v. Oregon Short Line, 117 N. W., 391; New York, etc., Co. v. Kan., 31 App. Cases, 459; Atlantic Coast Line Ry. Co. v. Richardson, 117 S. W. (Tenn.), 496; Herron v. West Side Electric Co., 124 Pac., 455; Ritchie v. Illinois Cent., 128 N. W., 35; Slaughter v. Canadian Pac., 119 N. W., 398; Johnson v. Computing Scale Co., 139 Fed., 339; Donovan v. Dixieland Amusement Co., 152 Fed., 661; Abraham Bros. v. Southern Ry. Co., 42 So., 837; Berger v. Pa. Ry. Co., 65 Atl., 261; McGuire v. Great Northern Ry. Co., 155 Fed., 230; Painter v. Colorado Springs, etc., Ry. Co., 104 S. W. (Mo.), 1139; Atlantic Coast Line Ry. Co. v. Richardson, 117 S. W. (Tenn.), 496; Saxony Mills v. Wagner & Co., 47 So., 899; Booz v. T. & P., 95 N. E., 460; Arrow L. & S. Co. v. Union Pac. Ry. Co., 102 Pac., 650; Rich v. Chicago, B. & Q. Ry. Co., 74 Pac., 1008; Wall v. C. & O. Ry. Co., 95 Fed., 398; Conference Rulings 9 and 225, Interstate Commerce Commission.

While Mr. F. C. Fox resided at Amarillo, Texas, he was not an officer or agent of appellant with respect to any business in the State of Texas, his agency being confined to the operation of railroads of appellant situated in other States. Hence, he was not its agent for the purpose of service in Texas. Peterson v. Chicago, R. I. & P. Ry. Co., 205 U. S., 364; Green v. Chicago, B. & Q. Ry. Co., 205 U. S., 530; Simon v. Southern Ry. Co., 236 U. S., 115; Riverside, etc., Mills v. Menefee, 237 U. S., 189; Old Wayne Mut. L. Assn. v. McDonough, 204 U. S., 22; Tyler Co. v. Ludlow Saylor Wire Co., 236 U. S., 723.

Articles 1861 and 1862, Revised Statutes, providing for service on officers or agents of foreign corporations should be construed as having reference only to corporations doing business in the State and to agents and officers who were transacting business in the State for the corporation. Rev. Stats., arts. 1830 (subdiv. 28), 1861, 1862; 12 Harvard Law Review, 67, 11 to 13, and cases cited; Mechanical Appliance Co. v. Castleman, 215 U. S., 442; Herron v. West Side Electric Co. (Cal.), 124 Pac., 455.

If articles 1861 and 1862 of the Revised Statutes of Texas be so con-

strued as to authorize service on an officer of a corporation who happens to live in Texas, which corporation transacts no business ,in the State, and which officer's duties are confined to the operation of railroads in other States, then such articles so construed are repugnant to the due process clause of the Federal Constitution (section 1, article 14), and to that extent void. Riverside Mills v. Menefee, 237 U. S., 189; Simon v. Southern Ry Co., 236 U. S., 115, and cases cited; Old Wayne Mut. L. Assn v McDonough, 204 U. S., 22; Bagdon v. P. & R. Coal & I. Co., 156 N Y. Supp., 1114; Mechanical Appliance Co. v. Castleman, 215 U S., 442.

The fact that an agent of the Rio Grande at El Paso sold tickets good for passage over the railroad of appellant, and that the Rio Grande company accepted as good for passage over its railroad tickets sold in other States by agents of appellant, did not render such ticket agent of the Rio Grande company, or any other agent of the Rio Grande company, an agent of appellant. Peterson v. Chicago, R. I. & P. Ry. Co., 205 U S., 364; Allen v. Yellowstone Park Trans. Co., 154 Fed., 504; Ritchie v. Illinois Cent., 128 N. W., 35; Slaughter v. Canadian Pac., 119 N. W., 398; Bristow v. St. Louis, etc., Ry. Co., 184 Ill. App., 305; Arrow L & S. Co. v. Union Pac. Ry. Co., 102 Pac., 656.

Brown was in the exclusive employment of the Rio Grande company, and if he did solicit business for the Atchison company, or cause same to be solicited in another State, it did not constitute him an agent of appellant at El Paso, Texas, for the purpose of service. Peterson v. Chicago, R. I. & P. Ry. Co., 205 U. S., 364; Riverside, etc., Mills v. Menefee, 237 U. S., 189.

As Brown was employed by the Rio Grande company and exclusively paid by it, if he solicited business for appellant in El Paso, Texas, or elsewhere in the State to move over railroads in other States, it did not constitute him an agent of appellant for the purpose of service, or amount to the doing of business by appellant in Texas. Green v. Chicago, B. & Q. Ry. Co., 205 U. S., 530; Royce v. Chicago & N. W. Ry. Co., 156 Pac., 16; West v. Cincinnati, etc., R. Co., 170 Fed. Rep., 349; Tyler Co v Ludlow Saylor Wire Co., 236 U. S., 723; Rich v. Chicago, B. & Q Ry Co., 74 Pac., 1008; Wall v. C. & O. Ry. Co., 95 Fed., 398, Booz v. Texas & P. Ry. Co., 250 Ill., 376, 95 N. E., 460, and cases cited; Erie R. Co. v. Van Allen, 69 Atl., 484; North Wisconsin Cattle Co v. Oregon Short Line, 117 N. W., 391; Abraham Bros. v. So. Ry. Co., 42 So., 837; McGuire v. Great Northern Ry. Co., 155 Fed., 230; Berger v. Pa. R. Co., 65 Atl., 261; Saxony Mills v. Wagner, 47 So., 899.

It was the duty of the court to receive the affidavits of the parties upon whom attempted service was made that they were not agents of defendant or were not agents with respect to any business of appellant in the State and to hear evidence thereon, and as the evidence showed that such parties were not agents of the defendant, or were not agents with respect to its business in the State, it was the duty of the court to

refuse to proceed with the case. P. & N. T. Ry. Co. v. Cox, 157 S. W., 745; Galveston, H. & S. A. Ry. Co. v. Gage, 63 Texas, 572; Jones v. City of Jefferson, 66 Texas, 576; El Paso & S. W. Ry. Co. v. Kelly, 83 S. W., 859; Olsen v. Cal. Ins. Co., 32 S. W., 447, 11 Texas Civ. App., 372; Farragut Fire Ins. Co. v. Ford, 15 Texas Civ. App., 70, 38 S. W., 639; Elliott v. Standard, etc., Co., 173 S. W., 616; Chicago, R. I. & P. Ry. Co. v. Anderson, 141 S. W., 513.

The facts that the Rio Grande company and the appellant were spoken of or advertised as being in the Santa Fe system; that trains were operated across the State line under the terms of a written agreement, whereby each company paid the train expenses while on its side of the line and received the revenues thereof, and was solely responsible for the management of the train, including liability for accidents, etc.; that appellant leased rolling stock to the Rio Grande company; that the Rio Grande company under a suitable and fair contract secured the services of the trainmaster and train dispatchers of appellant, who resided at San Marcial, New Mexico, and that the Rio Grande company for a suitable compensation secured the services of Nowers, a car accountant of appellant, who resided in another State, and the fact that Mr. Ripley was president of both companies and several others were officers of both companies, do not show that appellant was doing business in Texas, or that the agents of the Rio Grande company at El Paso were its agents. Pecos & N. T. Ry. Co. v. Cox, 157 S. W., 746; Peterson v. Chicago, R. I. & P. Ry. Co., 205 U. S., 364; Southern Pac. Co. v. Meadors, 104 Texas, 474; Insurance Co. v. Railroad Co., 104 U. S., 146; Pa. R. Co. v. Jones, 155 U. S., 333; Slaughter v. Canadian Pac. (Minn.), 119 N. W., 398.

Article 1883, Texas Revised Statutes, does not apply to this case, for the reason that citation was not quashed on motion of the appellant and the case was not continued to the next term, the court requiring appellant to forthwith file an answer or suffer a default judgment. If such article or any other statute of the State be so construed as to require the defendant to appear, where there has been no legal service upon it, or suffer a judgment by default and the consequent cost and expense of having such judgment by default restrained by injunction or otherwise, then such statute is repugnant to the due process clause of the Federal Constitution (section 1, article 14), and is to that extent void. Riverside, etc., Mills v. Menefee, 237 U. S., 189, and authorities cited; Simon v. So. Ry. Co., 236 U. S., 115.

The provisions of Revised Statutes, article 1862, authorizing service on a conductor or ticket agent only apply to suits for damage to freight or baggage. Texas Central R. R. Co. v. Marrs, 100 Texas, 530; Final Title, Rev. Stats., sec. 16.

The temporary abode of W. P. Garside as a visitor at a club in El Paso, Texas, where he was on account of the fact that he had been ordered away from his office in the City of Mexico, Republic of Mexico, on account of the civil wars or bandit wars existing in that unfortunate country, did not constitute him a resident agent of appellant in El Paso

and did not constitute the doing of business by appellant in El Paso, so as to subject it to the jurisdiction of the courts at El Paso. Riverside, etc., Mills v. Menefee, 237 U. S., 189; Goldey v. Morning News, 156 U. S., 518.

Under the statutes of Texas, properly construed, the Texas courts only have jurisdiction over a foreign corporation where it is doing business in the State, and with respect to such business. Rev. Stats., arts. 1830 (subdiv. 28), 1861, 1862; 12 Harvard Law Review, 11 to 13, and cases cited.

If the statutes of Texas be so construed as to authorize suits against foreign corporations who are not doing business in the State, or on causes of action not pertaining to any business done in the State, then such statutes are repugnant to the due process clause of the Federal Constitution (section 1, article 14), and to that extent void. Authorities under first proposition.

It being manifest from the allegations of the plea of privilege that if the appellant was subject to the jurisdiction of the courts of Texas at all, it was because it had officers or agents residing in the Counties of Potter, Hemphill, Galveston, Johnson and Cooke, and defendant having admitted for the purpose of the plea that it had such agents in such counties and was subject to suit therein, the court erred in overruling the plea of privilege and erred in refusing to transfer the case to one of the counties above named. St. Louis, I. M. & S. Ry. Co. v. White, 97 Texas, 495, and cases cited; St. L. A. & T. v. Whitley, 77 Texas, 130.

A rule which limits the jurisdiction to transactions in the State will reconcile York v. State, 137 U. S., 15, with the later decisions in Riverside Mills v. Menefee, 237 U. S., 189; Old Wayne Life Assn. v. McDonough, 204 U. S., 22; Simon v. So. Ry. Co., 236 U. S., 130; for in the York case the suit related to a transaction in Texas.

In support of our contention that any construction of the Texas statutes which will support the personal judgment rendered in this case on the character of service had will violate the due process clause, we rely principally on the recent case of Riverside Mills v. Menefee, 237 U. S., 189. There suit was brought in North Carolina against a Virginia corporation, and service was had on a director of the Virginia corporation who resided in North Carolina.

*George E. Wallace, P. E. Gardner,* and *W. S. Berkshire,* for defendant in error.—The plea of amicus curiae filed by the parties on whom service was had in this case could not be considered by the court for any legal purpose, as defendant could not contest the question of service through the plea of amicus curiae. Railway Co. v. Blocker (writ of error denied), 138 S. W., 158; Moseby v. Burrows, 52 Texas, 396; State v. Jefferson Iron Co., 60 Texas, 312; Jones v. City of Jefferson, 66 Texas, 578; Andrews v. Beck, 23 Texas, 455; Railway Co. v. Locke, 84 S. W.,

1069; Hurd v. Inglehart, 140 S. W., 119; 1 Ruling Cases, 1051-1054; Am. Ann. Cases, 1915A, 196; Railway Co. v. Anderson, 130 S. W., 182.

The defendant, through its attorneys, having appeared at the time that the court overruled the pleas of amicus curiae and excepted to the ruling of the court in overruling such pleas and having an order entered of record showing that the defendant excepted, and asking for time in which to prepare a bill of exceptions and statement of facts, such action on the part of the defendant constituted a general appearance and gave the court full jurisdiction in personam of defendant. York v. State, 73 Texas, 651; Osvald v. Williams, 187 S. W., 1001; Mueller v. Heidemeyer, 109 S. W., 447; Railway Co. v. McCarthy, 69 S. W., 229.

The court did not err in overruling defendant's plea of privilege and require it to answer or suffer default. First, because defendant had waived its right to present a plea of privilege in this cause as it voluntarily appeared in open court before filing the plea of privilege. Second, because defendant had waived its right to file and insist upon a plea of privilege by reason of the fact that said plea of privilege was filed too late, not having been filed as provided by statute at the first day of the May term of court to which it was cited to appear. Smith v Bank, 187 S W., 233; Aldridge v. Webb, 92 Texas, 123; Vernon's Sayles' Stats., art. 1910; Railway Co. v. Blocker, 138 S. W., 158; Parratt v. Military Co., 180 S W., 132; Howe Grain, etc., Co. v. Taylor, 147 S. W., 656; Harris Millinery Co. v. Melcher, 142 S. W., 101; Freeman v. Cleary, 136 S W., 523.

The evidence conclusively showed that the defendant was doing business in the State of Texas, and that the parties served with citation were agents of the defendant in El Paso County, Texas, and in Potter County, Texas, and this gave to the court of El Paso County, Texas, not only jurisdiction but venue   Western L. Indemnity Co. v Rupp, 235 U S., 26, Buie v Railway Co., 95 Texas, 64; Railway Co. v. Sizemore, 116 S. W., 406; Railway Co. v. Bass, 140 S. W., 861; Railway Co. v Demere et al., 145 S. W., 625; Southern Pac. Co. v. Craner, 101 S. W., 534; Railway Co. v. Allen, 106 S. W., 443; Railway Co. v. Kiser, 136 S. W., 854, Railway Co. v. Alexander (U. S.), 57 Law Ed., 486; Railway Co. v. Hale, 153 S. W., 412.

Mr. Chief Justice Phillips delivered the opinion of the court.

The suit was one by Stevens, a non-resident, for damages for personal injuries occurring in another State against the Atchison, Topeka & Santa Fe Railway Company, a foreign corporation. It was filed in the District Court of El Paso County and was tried there, with a judgment for the plaintiff as the result

For service upon the defendant the plaintiff relied upon the due delivery of citation to W. R Brown, R. F. Goering, Charles Watlington, and F. C. Fox, described as its agents. Each as an amicus curiae by affidavit denied that he was such an agent. The court on hearing held the contrary and ordered the defendant to appear and answer   There-

upon the defendant filed a plea of privilege and to the venue, denying that it was doing business in El Paso County or that it had any agent residing there, but admitting for the purposes of the plea that it was doing business in the Counties of Potter, Hemphill, Galveston, Johnson and Cooke, and contending that it was suable in one of those counties if at all. The plea was overruled, and later the defendant answered on the merits.

An extended argument has been presented by the railway company upon the question of the trial court's jurisdiction under the service shown. In the state of the record, that is an immaterial question. A special appearance is unknown to our practice. The filing by a defendant of any defensive pleading, though it be only for the purpose of challenging the jurisdiction of the court, constitutes an appearance and a submission to the jurisdiction of the forum. York v. State, 73 Texas, 651. The filing by the railway company of its plea of privilege and later its answer was an appearance, and eliminates from the case any question of jurisdiction.

The real question in the case is one of venue. For the railway company to have been properly suable in El Paso County it was necessary that it have an agency or representative in that county. Under its plea it was shown not to have had an agency or representative there unless the Rio Grande, El Paso & Santa Fe Railroad Company, a Texas corporation having its principal office in El Paso, and being a part of what is known as the Santa Fe system, with the principal part of its capital stock owned by the Atchison company, the defendant, is to be regarded as its representative and certain persons who were agents of that company in El Paso are to be treated as its agents. Under a similar state of facts it was held by this court in Buie v. Railway Co., 95 Texas, 51, that the parent foreign corporation should be held as doing business in Texas and as legally being in Texas through the instrumentality of the auxiliary corporation, and the agents of the latter its agents. But this ruling was expressly overturned by the United States Supreme Court, the final authority upon the question, in Peterson v. Railway Co., 205 U. S., 364, as was recognized and stated by us in the later case of Railway Co. v. Cox, 106 Texas, 74.

The honorable Court of Civil Appeals was of the view that without express statement by this court the Buie case should not be regarded as overruled as applied to purely a question of venue of a suit against a foreign corporation, since the immediate question in that case was not one of venue,—a matter of State decision, but one of jurisdiction,—a Federal question. The United States Supreme Court in the Peterson case held, however, under a state of facts practically identical with those in the Buie case and in the present case, that the auxiliary corporation is not to be treated as the representative of the parent foreign corporation, nor are the agents of the former to be regarded as the agents of the latter. This was exactly the converse of the holding upon which the decision in the Buie case was rested. If the holding in the Buie

case was incorrect as applied to jurisdiction over a foreign corporation, it was equally so as applied to the venue of a suit against such a corporation. As between the two questions we think it immaterial to which it related. The holding itself was overturned by the decision in the Peterson case. That decision concludes the question here.

The Court of Civil Appeals reversed the judgment of the District Court and remanded the cause, but upon another ground. Its judgment of reversal will accordingly be affirmed and the cause remanded to the District Court with the direction to transfer it to the District Court of one of the counties named in the defendant's plea of privilege, as the plaintiff may elect.

Mr. Justice HAWKINS delivered the following concurring opinion:

I concur, heartily, in the foregoing opinion, excepting only the final clause thereof, "as the plaintiff may elect." That quoted language probably is harmless as applied to the case at bar inasmuch as defendants, in their plea of privilege, ask to have the cause transferred to any one of five enumerated counties, as plaintiff may elect; but, in so far as it may be understood or applied in practice as enunciating a general rule, it constitutes, it seems to me, an unwarranted invasion by this court of the province and function of the trial court as defined in Revised Statutes, article 1832, which declares "If a plea of privilege is sustained, the cause shall not be dismissed, but the court shall transfer such cause to the court having jurisdiction of the person of the defendant therein."

The effect of that statute as applied to cases of this character, wherein a railroad company legally is suable in more than one forum, is, I think, to confer upon the trial court, rather than upon any party to the litigation, the right to determine to what court the cause shall be transferred; and, if that be correct, the matter is one which this court has no power or authority to control.

It is true that thus giving to the plaintiff the option of choosing the forum to which the cause is to be transferred has the practical effect of preserving his original right of selecting the tribunal in which his cause is to be tried, and that argument, if addressed to the Legislature, certainly would have force; but our above mentioned transfer statute seems to me to treat the matter differently, and, to assume that, having filed his cause in an improper tribunal, the plaintiff waived his statutory privilege of choosing the forum; and thenceforth the analogies carried by our other change of venue statutes, Revised Statutes, articles 1911, 1912, 1913, 1914, and Penal Code, articles 626, 627, 628, 629, 632, wherein, except as otherwise stipulated, the discretion and option of selecting the new forum to which the cause is to be transferred devolves upon the trial court, are more applicable.

*Reversed and remanded with directions.*