**HINES, Director General of Railroads, v. AVANT & COUGHRAN. (No. 1139.)**

(Court of Civil Appeals of Texas. El Paso. Dec. 2, 1920. Rehearing Denied Jan. 6, 1921.)

1. Railroads ⟨key⟩5½, New, vol. 6A Key-No. Series—Road under federal control suable in county of plaintiff's residence.

By virtue of General Orders, Nos. 18, 18a, and 50 of the Director General of Railroads, suit may be brought against the Director General in the county where plaintiff resides, though the railroad involved has no agent in and does not run through the county.

2. Venue ⟨key⟩26—Nonresident sued in county where plaintiff resides.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830(3), where a defendant resides without the state, suit may be brought in the county in which the plaintiff resides.

Appeal from Presidio County Court; K. C. Miller, Judge.

Suit by Avant & Coughran, a copartnership, against Walker D. Hines, Director General of Railroads, operating the Gulf, Colorado & Santa Fé Railroad and the Texas & Pacific Railroad. Judgment for plaintiff, and defendant appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, and S. N. Russell and Beall, Kemp & Nagle, all of El Paso, for appellant.

Mead & Metcalfe, of Marfa, for appellee.

WALTHALL, J. This suit was instituted on February 2, 1920, by Avant & Coughran, a copartnership, who are appellees herein, against Walker D. Hines, Director General of Railroads, operating Gulf, Colorado & Santa Fé Railroad and Texas & Pacific Railroad. The suit was filed in the county court of Presidio county to recover damages in the sum of $934.90, alleged to have been sustained by appellees by reason of negligence of appellant in the shipment of horses over said railroad from El Paso, Tex., to Brownwood, Tex., and in which shipment it was alleged that by reason of the negligence of appellant certain of said horses were killed and others injured in transit. Citations were duly served upon appellant in Nolan county, in which it was alleged appellant had a local agent and representative. Appellant seasonably filed separate pleas of privilege in his official capacity as Director General of Railroads and operator of the two lines of railroads involved in this cause of action, to be sued in the county of the principal office of each or either of the two railroads, or in some county into which the lines of each or either of the two railroads extends or in which either has an agent or representative, and in the pleas negativing the facts which, under the general rule as to

venue, suits against railroads may be brought in Presidio county. The pleas named counties in this state in which the railroads had and maintained its principal offices, and had agents or representatives, and naming Nolan county in which appellant had an agent or representative upon whom service could be had, and that appellant was a nonresident of this state. The sufficiency of the pleas of privilege as applied to the venue of suits against railroads is not controverted, so we will not further state the contents of the pleas.

Appellees filed, under oath, a controverting affidavit, stating the time of the accrual of the cause of action, the provision of the act of Congress authorizing the general government to take over and operate the railroads, and that appellant, at the time the cause of action occurred, and at the time the suit was filed, was in possession of and operating the two lines of railroad; pleaded General Order No. 50, promulgated by the Director General of Railroads and applying to actions at law, and providing that suits such as the one brought here should be brought against the Director General of Railroads and not otherwise; and further alleged that at the time of the institution of this suit appellant operated a line of railroad (but neither of the two railroads involved here) through and did business in and had an agent and representative in Presidio county. Appellees pleaded General Orders Nos. 18 and 18a, setting each of them out in full.

General Order No. 18a, issued April 18, 1918, amending General Order No. 18, reads as follows:

"It is therefore ordered that all suits against carriers while under federal control must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action, or in the county or district where the cause of action arose. [Signed] W. G. McAdoo, Director General of Railroads."

Evidence was heard. Appellant introduced his several pleas of privilege, both original and amended. It was shown by witness Petross that he was agent at Marfa, Tex. (Presidio county), for the Galveston, Harrisburg & San Antonio Railway Company, and represented that railroad only, and that during federal control of railroads he accepted service for appellant, and service of process had been served upon him as local agent for appellant in suits against the Galveston, Harrisburg & San Antonio Railway Company. It was admitted by the parties to the suit that neither of the railroads involved in this controversy, and over which the shipment was made, had any line of railroad in Presidio county, and that both plaintiffs resided in Presidio county at the time of the alleged cause of action. Appellees introduced in evidence their contro-

verting affidavit, and General Order No. 50, above referred to, signed by W. G. McAdoo, Director General of Railroads. Appellees resided in Presidio county at the time the cause of action arose, and the cause of action arose during federal control.

The court overruled the pleas of privilege, appellant excepted to the ruling, gave notice of appeal, and the case is now before this court for revision of the action of the court in overruling the pleas of privilege, and for no other purpose; the case not having been tried upon its merits. Appellant presents two assignments of error, one to the overruling of the original plea of privilege and the other to the overruling of the amended plea. The two assignments and the propostions thereunder present but one question, and that is, Can the venue of this suit be maintained in Presidio county?

Under the rule stated in Atchison, T. & S. F. Ry. Co. v. Stevens (Sup.) 206 S. W. 921, we think, by analogy, the venue of this suit might not be maintained in Presidio county, in which appellant had a local agent; his agency extending only to a railroad not involved in this controversy.

General Order No. 50, which we need not quote in full, promulgated by the Director General of Railroads, after referring to and quoting certain provisions of the proclamation of the President, dated December 26, 1917, and April 11, 1918, under which the President took possession and assumed control of all systems of transportation, including the two railroads involved here, and appointed a Director General of Railroads, and in which proclamation it is provided that:

"Until and except so far as said Director shall from time to time otherwise by general or special order determine, such systems of transportation, shall remain subject to all existing statutes and orders of the Interstate Commerce Commission, and all statutes, but any orders, general or special, thereafter made by the Director shall have paramount authority and be obeyed as such"

—and after reciting reasons for the issuance of General Orders Nos. 18 and 18a, the

Director General issued his General Order No. 18a, as follows:

"It is therefore ordered that all suits against carriers while under federal control must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action, or in the county or district where the cause of action arose."

The suit was not brought against either of the two carriers over whose lines the shipment in this case was made, nor, indeed, could the suit be so brought. Under the rule obtaining under federal control of all transportation the suit could be brought only against the Director General of Railroads.

It might be admitted that, in view of the pleas filed, suits against either of the two railroads involved in this shipment, uninfluenced by the order of the Director General, could not be maintained in Presidio county under our general statutes as to venue. The suit being against the Director General, in our judgment, the rule as to venue would not be controlled by the rule of venue applying to railroads. We have no federal or state rule fixing the venue of suits against the Director General of Railroads other than as shown in General Order No. 18a, supra, and a general statute applying to nonresidents.

[1] By the above general order, appellant virtually says to appellees, Bring your suit in Presidio county where you reside regardless of the railroad on which the injury occurred. This suit was brought as directed. We do not think appellant can now say the suit may not be maintained in that county.

[2] But, aside from the above, the appellant pleads that he is and at all times was a nonresident of this state. By our general statute—article 1830 (3), Vernon's Sayles' Civ. Statutes—it is provided that where the defendant resides without the state the suit may be brought in the county in which the plaintiff resides.

We have concluded that the trial court was not in error in overruling appellant's pleas of privilege.

The assignments are overruled, and the case is affirmed.