## MERGENTHALER LINOTYPE CO. v. HERRMANN.

### No. 14943.

Court of Civil Appeals of Texas.
Fort Worth.
May 7, 1948.

George Sergeant and Sarah Daniels, both of Dallas, for appellant.

Cecil Murphy, of Gainesville, for appellee.

HALL, Justice.

This is an appeal from an order overruling a plea of privilege in a suit pending in the District Court of Cooke County, Texas.

Appellee, A. E. Herrmann, a resident of Cooke County, sued appellant, Mergenthaler Linotype Co., a foreign corporation, for recovery of damages in the sum of $2042.50, alleged to be due appellee from appellant because of its failure to deliver appellee a linotype machine which he contracted to purchase from appellant.

The attorney for appellant filed an amicus curiæ affidavit informing the court that service of citation was insufficient in that the service on one A. B. McCorkle was insufficient for the reason that such person was not such an agent of the appellant upon whom service may be had as contemplated by the statute.

A part of said amicus curiæ reads as follows: "That the defendant is a corporation, duly incorporated under the laws of the State of New York, with its domicile in Brooklyn, in said State. That A. B. McCorkle is neither the President, Vice-President, Secretary, Treasurer, General Manager, Agent, or any other class of person on whom the statutes authorizes service of citation." This suggestion was by the court overruled. Then followed the filing of appellant's plea of privilege and controverting affidavit by appellee, the court overruling the plea, hence this appeal.

The pertinent portion of appellant's plea of privilege in question is as follows: "That it was at the time of the institution of this suit and at the time of service of citation and process on it herein and is now at the time of making and filing this plea of privilege domiciled in, a resident and citizen of the City, County and State of New York with agents there and not elsewhere except for its representative in the County of Dallas, State of Texas."

Appellee relies upon subdivision 3 of Article 1995, Vernon's Anno.Rev.Civ.St., to maintain venue in Cooke County, Texas.

Appellant presents one point of error, to-wit: "Where a foreign corporation has in Texas an agent for service, it is suable only in the county where such agent resides, section 23 of Article 1995 of the Revised Civil Statutes of Texas having application rather than section 3."

Appellant strenuously argues in its brief that since the law recognizes that a corporation may have several residences in different states and that such residences must necessarily be where its agents reside and since the court overruled the amicus curiæ affidavit, it impliedly held that A. B. McCorkle was appellant's agent and as it is undisputed that McCorkle's residence was in Dallas County, it necessarily follows that appellant's residence was in Dallas County, Texas.

Section 3 of Article 1995, Vernon's Anno. Rev.Civ.St., is as follows: "If one or all of several defendants reside without the State or if their residence is unknown, suit may be brought in the county in which the plaintiff resides."

That portion of section 23 of our venue statute relied upon by appellant reads as follows: "Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county; or, if the corporation, association, or joint stock company had no agency or representative in the county in which the plaintiff resided at the time the cause of action or part thereof arose, then suit may be brought in the county nearest that in which plaintiff resided at said time in which the corporation, association or joint stock company then had an agency or representative. * * *"

Section 27 refers to foreign corporations, which provisions are substantially the same as section 23. Exceptions to the venue statute granting a plaintiff right to sue in another than county of defendant's domicile were not enacted for the purpose of establishing citizenship by a defendant, therefore cannot be relied upon to support a plea of privilege by a defendant because it becomes immaterial whether or not defendant had an agent in Dallas County under the provisions of such exceptions as would give the plaintiff a right to sue in Dallas County, but defendant's right to change venue on a plea of privilege depends entirely upon whether it has a residence in a county in Texas at the time the plea of privilege is filed. Appellant affirmatively pleads that it is a resident of New York and nowhere does it plead that it is a resident of Texas. Such pleadings constitute judicial admissions. It is the general rule that a corporation is an inhabitant of the state under whose law it is incorpo-

rated but that it has a residence wherever it conducts its ordinary business. Pittsburg Water Heater Co. of Texas v. Sullivan, 115 Tex. 417, 282 S.W. 576.

■ We do not necessarily agree with appellant's theory that venue will lie in the county where the corporation has a representative residing but we find that venue will lie in the county where such agent performs his duties by transacting charter purposes of the corporation. Rudco Oil & Gas Co. v. Ogden, Tex.Civ.App., 167 S.W.2d 586; Sharp v. Damon Mound Oil Co., 31 Tex.Civ.App., 562, 72 S.W. 1043.

It has been twice judicially determined by this state that appellant was not maintaining a place of business within this state but merely had soliciting agents or canvassers who could only submit orders for approval at its main office in New York State and that said Company was therefore not engaged in business within the state and that it did not have a permit to do business in the state. North v. Mergenthaler Linotype Co., Tex.Civ.App., 77 S.W.2d 580, writ refused; Pope v. Mergenthaler Linotype Co., Tex.Civ.App., 131 S.W.2d 668.

■ By citing these cases, we do not mean to hold that even though a foreign corporation does not have a permit to do business in Texas, such fact will preclude it from urging a plea of privilege to be sued in the county where it maintains an office and conducts its business; for this is the ultimate criterion of maintaining venue in a suit in this state by both a domestic and a foreign corporation. McMullen v. Burton Auto Spring Corporation, Tex.Civ.App., 138 S.W.2d 823.

The duties of an agent which are strong enough to establish venue in the county in which he is carrying on the business of the corporation is that of prosecuting the charter purposes of the corporation. Northern Illinois Finance Corporation v. Sheridan, Tex.Civ.App., 141 S.W.2d 434.

■ There is a vast distinction between an agent or representative carrying on the charter purposes of a corporation in a certain county than a person residing there upon whom service may be had on the corporation. Under Article 2031a a foreign corporation doing business in this state is required to designate a person within the state upon whom service may be had but it has been held that the residence of such person will not necessarily control the place of venue. Such venue is established in the county were such foreign corporation is transacting its business. Shamrock Oil & Gas Corporation v. Todd et al., Tex.Civ. App., 166 S.W.2d 766.

It was held in the case of Peacock et al. v. Bradshaw et al., 145 Tex. 68, 194 S.W. 2d 551, 553, as follows: " * * * The pleas of privilege filed herein by respondents were in the form prescribed by Article 2007 of the Revised Civil Statutes, Vernon's Ann.Civ.St. art. 2007, but they did not allege that the parties filing them were residents or inhabitants of any county in the state of Texas. On the contrary, the pleas alleged that 'the county and state of the residence of this defendant * * * is Maricopa County, Arizona.' The pleas were insufficient.

The facts in the case of Aviation Credit Corporation of New York v. University Aerial Service Corporation, Tex.Civ.App., 59 S.W.2d 870, 871, cited by appellee, are somewhat similar to the facts in the instant case. A portion of the opinion by Chief Justice Hickman is as follows: " * * * The trial court did not err in sustaining the exceptions to appellant's plea of privilege. It alleged therein that it was domiciled in, and a resident of, New York State. Nowhere did it allege that it also had a domicile in, or was a resident of, the state of Texas. Venue was sought to be transferred to Bexar county on an allegation that appellant had an agent in that county in the person of James B. Stafford." It was further held that the plea of privilege wholly failed to allege any domicile in Texas and that such omission rendered the plea of privilege fatally defective. See also Holcomb v. Williams, Tex.Civ.App., 194 S.W. 631.

■ The limited contracts signed by appellant's representative, A. B. McCorkle, reads in part as follows: "This agreement shall become binding upon the parties hereto upon and only upon its acceptance by Linotype at the City of New York by the signatures of its authorized officers with

the seal of the company attached." This is the only testimony that signifies such representative's authority to act in behalf of appellant. There is no testimony to the effect, other than this contract, that he is carrying on the charter purposes of the company in Texas. The record is silent as to said representative having any office or transacting any business in Dallas County. The only evidence pertaining to such question is that he is a resident of Dallas County. Such testimony, in the light of the above authorities, does not establish such representative as the agent of the company carrying on its business to the extent of establishing residence in Texas. The most it implies is that he may be an employee, or servant, of the company with the very limited authority to contemplate a contract but not to bind the company by contractual negotiations. At least the trier of the facts found against the contention of appellant that said McCorkle was such an agent or representative of appellant as would establish residence in Dallas County under Article 1995.

By reason of the fact that appellant failed to allege or prove that it maintained a residence in Texas, the judgment of the trial court overruling its plea of privilege is affirmed.