**DEALER SERVICE PLAN, INC., Appellant,**

v.

**Benny R. CHABARRIA, Appellee.**

No. 6548.

Court of Civil Appeals of Texas, El Paso.

Nov. 10, 1976.

Oster & Kaufman, Stanley M. Kaufman, Aaron S. Kaufman, Herbert Garon, Jr., Dallas, for appellant.

Nisbet & Thompson, Robert S. Thompson, San Antonio, McMahon, Cox, Todd, Tidwell & Locke, Jack Q. Tidwell, Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Stephen L. Brannan, Odessa, for appellee.

## OPINION

OSBORN, Justice.

This is a venue case. The trial Court overruled the Appellant's plea of privilege. We affirm.

The Appellee filed suit in the District Court of Ector County, seeking to recover damages and attorney's fees under the consumer credit provisions of the Texas Statutes. In particular, recovery is sought under Article 5069–6.01, et seq., 5069–7.01, et seq., and 5069–8.01, et seq., Tex.Rev.Civ. Stat.Ann. The suit alleged that in 1973, the Appellee purchased a mobile home on credit in Ector County. The suit named as Defendants the seller, a bank as financer, and the Appellant herein as financer-broker.

The Appellant filed a plea of privilege in which it alleged that it was a foreign corporation incorporated under the laws of the State of Florida, and having its principal place of business in Tampa, Florida, and that its registered agent for service was the C.T. Corporation System in Dallas, Texas. The plea then states:

"Defendant is asserting venue herein under and by virtue of the provisions of Subdivision (27) of Article 1995, V.A.T.S., and by doing so is asserting his privilege to have venue of this suit transferred to Dallas County, the place where such company has an agency or representative."

The Appellee filed a controverting plea asserting venue in Ector County under the provisions of Subdivision 27 of Article 1995, Tex.Rev.Civ.Stat.Ann., and later filed an amended controverting plea asserting venue under both Subdivision 4 and Subdivision 27 of Article 1995, Tex.Rev.Civ.Stat.Ann.

The Texas venue statute, Article 1995, Tex.Rev.Civ.Stat.Ann., initially provides that "[n]o person who is an inhabitant of this State shall be sued out of the county in which he has his domicile * * *." Then follow certain exceptions under which a plaintiff may sue a defendant in a county other than that of the defendant's domicile. Domicile, as used in the venue statute, is generally construed as synonymous with residence. *Snyder v. Pitts,* 150 Tex. 407, 241 S.W.2d 136 (1951).

In our case, there is no statement in the plea of privilege as to where the Defendant has its residence in Texas, but only a statement that it has an agency or representative in Dallas County. That is not sufficient. In *Aviation Credit Corporation of*

*New York v. University Aerial Service Corporation,* 59 S.W.2d 870 (Tex.Civ.App.—Eastland 1933, writ dism'd), the Court considered a somewhat similar pleading in the case of a foreign corporation, and said:

" * * * It alleged therein that it was domiciled in, and a resident of, New York State. Nowhere did it allege that it also had a domicile in, or was a resident of, the state of Texas. Venue was sought to be transferred to Bexar county on an allegation that appellant had an agent in that county in the person of James B. Stafford. Article 1995, R.S.1925, provides: 'No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases. * * * ' Follow then certain exceptions not necessary here to mention. Article 2007, R.S.1925, provides: 'A plea of privilege to be sued in the county of one's residence shall be sufficient if * * * shall state the county of his residence at the time of such plea.' These statutes, by their express terms, are available only to inhabitants of this state, and the only county to which a cause could be transferred upon a plea of privilege is the county in this state of defendant's residence or domicile. There is no statutory authority for transferring a cause by plea of privilege to the county where the defendant has an agent merely, but the whole legislation has to do with the right of a defendant to be sued in the county in which he has his domicile and to protect that right by having cases transferred to that county. This does not at all mean that a foreign corporation could not avail itself of the benefits of these statutes, provided it had established its domicile in this state. For the purpose of venue a party may have more than one residence or domicile, and, notwithstanding the appellant had its domicile in the state of New York, it might have also had one in Texas, but the plea of privilege wholly failed to allege any domicile in Texas, and that omission rendered it fatally defective. * * * "

■ The Appellant in this case seems to have lost sight of the fact that the Subdivisions under Article 1995 are for the use of plaintiff in maintaining venue outside of the county in which the defendant has its residence, and such Subdivisions are not for the use of a defendant in seeking to have the case moved from the county in which suit was filed by the plaintiff. The one exception is a Subdivision which has a mandatory provision that suit "must" be brought in a particular county, such as Subdivisions 14 and 18. The rule is stated in 1 McDonald, Texas Civil Practice, Sec. 4.03.2, as follows:

" * * * One having no residence in Texas, or a foreign entity without a registered office or place of business in the State, has no right to be sued in any particular county, unless the venue of the action is controlled by some mandatory provision of the statute."

This was the holding by the Court in *Delaporte v. Currey,* 486 S.W.2d 114 (Tex.Civ. App.—Waco 1972, no writ), where the Court said:

"Article 1995, and Rule 86, Texas Rules of Civil Procedure, provide that a defendant 'who is an inhabitant of this State' may, by the filing of a proper plea of privilege, (1) require that any suit against him be tried in the county of his residence unless plaintiff's case falls within one of the exceptions enumerated in Article 1995; or (2) require that the suit be tried in a county in which venue of the case is made mandatory by statute. *Shell Petroleum Corporation v. Grays,* 122 Tex. 491, 62 S.W.2d 113, 115 (1933); *Jefferies v. Dunklin,* 131 Tex. 289, 115 S.W.2d 391, 393 (1938); *Tunstill v. Scott,* 138 Tex. 425, 160 S.W.2d 65, 70 (1942).

"Of course, the statutory privilege accorded a resident defendant by Article 1995 to be sued in the county of his domicile is not available to a nonresident defendant. *Peacock v. Bradshaw,* 145 Tex. 68, 194 S.W.2d 551, 554 (1946). * * * "

The exact Subdivision relied upon by the Appellant was discussed by the Court in *Mergenthaler Linotype Co. v. Herrmann,*

211 S.W.2d 633 (Tex.Civ.App.—Fort Worth 1948, no writ). The Court in that case said:

"Section 27 refers to foreign corporations, which provisions are substantially the same as section 23. Exceptions to the venue statute granting a plaintiff right to sue in another than county of defendant's domicile were not enacted for the purpose of establishing citizenship by a defendant, therefore cannot be relied upon to support a plea of privilege by a defendant because it becomes immaterial whether or not defendant had an agent in Dallas County under the provisions of such exceptions as would give the plaintiff a right to sue in Dallas County, but defendant's right to change venue on a plea of privilege depends entirely upon whether it has a residence in a county in Texas at the time the plea of privilege is filed. Appellant affirmatively pleads that it is a resident of New York and nowhere does it plead that it is a resident of Texas. Such pleadings constitute judicial admissions. It is the general rule that a corporation is an inhabitant of the state under whose law it is incorporated but that it has a residence wherever it conducts its ordinary business. * * *"

\* \* \* \* \* \*

"By reason of the fact that appellant failed to allege or prove that it maintained a residence in Texas, the judgment of the trial court in overruling its plea of privilege is affirmed."

■ By its last point of error, the Appellant asserts that the trial Court erred in overruling its plea of privilege because the Appellee failed to timely file his controverting plea as required by Rule 86, Tex.R. Civ.P. Having previously concluded that the Appellant's plea of privilege is fatally defective, the time of filing of the controverting plea would be immaterial. Nevertheless, we note that there is no evidence in the record as to when counsel for Appellee received the plea of privilege, and thus, we cannot determine the date on which the controverting plea was required to be filed. We also note that this issue was not raised at the trial level, and it has been waived.

*Mobile County Mutual Insurance Company v. Southern Agent Corporation*, 519 S.W.2d 186 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ).

The Appellant's three points of error are overruled. The order of the trial Court overruling the Appellant's plea of privilege is affirmed.