**O. F. MOSSBERG & SONS, INC., Appellant,**

v.

**Lee A. SULLIVAN, Appellee.**

**No. 13079.**

Court of Civil Appeals of Texas, Austin.

Dec. 19, 1979.

Rehearing Denied Jan. 9, 1980.

G. Luke Ashley, Thompson & Knight, Dallas, for appellant.

Charles J. Winikates, Winikates & Curtis, Dallas, for appellee.

O'QUINN, Justice.

By this appeal O. F. Mossberg & Sons, Inc., a foreign corporation, admittedly hav-

ing no agent, office, or representative in Texas, seeks to reverse judgment of the trial court sustaining special exception of plaintiff below to Mossberg's plea of privilege to be sued in Dallas County, the residence of plaintiff.

Lee A. Sullivan, a resident of Dallas County, brought this lawsuit in Travis County, naming four defendants, to recover actual and punitive damages for injuries resulting from a gunshot wound received while a guest on a ranch in Henderson County in September of 1978. Defendants sued were Inez Ray, owner of the ranch, whose grandson, Thomas Ray, a minor also named a defendant, was in possession of the firearm from which the shot was fired, and O. F. Mossberg & Sons, Inc., manufacturer of the rifle, shown to be a foreign corporation, organized pursuant to laws of the State of Connecticut; and also sued was Thomas Wendell Ray, father of Thomas Ray, the minor.

Mossberg was served with citation by service upon the Secretary of State, pursuant to statutory authority, and afterwards filed its plea of privilege. Sullivan filed a controverting plea, and thereafter, in May of 1979, filed a special exception to the plea of privilege on the ground that in its plea Mossberg failed to ". . . allege that it is or was at the times pertinent to said Plea of Privilege, a resident or inhabitant of any county in Texas other than Travis County and, as such, said Plea . . . is insufficient on its face . . . ."

The trial court sustained Sullivan's special exception to the plea of privilege and ordered the plea stricken. Mossberg appeals from this action of the trial court and contends under two points of error that a venue privilege is accorded Mossberg, and venue properly lies in Dallas County, under Subdivision 27 of Article 1995, V.A.T.S. We will overrule the points of error and affirm judgment of the trial court.

Venue privilege in this state, since May 13, 1846, has been controlled by the same statutory precept now stated in Article 1995. The first legislature under statehood provided ". . . That no person who is an inhabitant of this State shall be sued out of the county where he has his domicile, except in the following cases, viz: . . . ." Tex.Laws 1846, *An Act to Regulate Proceedings in the District Courts*, sec. 1, at 363; 2 Gammel, *Laws of Texas* 1669 (1846).

The statute was amended, without change in the venue privilege, save in the list of exceptions, in 1863. Acts 1863, 10th Leg., ch. 17, p. 10; 5 Gammel, *Laws of Texas* 664 (1863). Without change, through the Revised Statutes of 1879, 1895, 1911 and in 1925, the venue privilege remained the same. Article 1995 provides the identical basic privilege established in 1846: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: . . . ." subject only to applicable exceptions thereafter stated.

■ It is obvious from the language of the statute that the venue privilege extends only to a ". . . person who is an inhabitant of this State . . . ." Mossberg concedes that the corporation in effect has no domicile in Texas and is unable to claim any county in which it has a residence within the meaning of Article 1995. McDonald states the rule in these words:

"One having no residence in Texas, or a foreign entity without a registered office or place of business in the state, has no right to be sued in any particular county unless the venue of the action is controlled by some mandatory provision of the statute." 1 McDonald: *Texas Civil Practice*, sec. 4.03.2 (1965 rev.).

Mossberg claims no county to which it has ties amounting to domicile. Dallas County is claimed by Mossberg to be the proper county for suit only because it is the residence of plaintiff. In dealing with a similar situation in *Dealer Service Plan, Inc. v. Chabarria*, 543 S.W.2d 740 (Tex.Civ.App. El Paso 1976, no writ), the Court observed:

"The Appellant in this case seems to have lost sight of the fact that the Subdi-

visions under Article 1995 are *for the use of plaintiff* in maintaining venue outside of the county in which the defendant has its residence, and such Subdivisions are *not for the use of a defendant* in seeking to have the case moved from the county in which suit was filed by the plaintiff. The one exception is a Subdivision which has a mandatory provision that suit 'must' be brought in a particular county . . ." (543 S.W.2d 742) (Emphasis added).

Mossberg insists that the trial court's action in overruling its plea of privilege conflicts with the holding of the Supreme Court in *Atchison, T. & S. F. Ry. v. Stevens,* 109 Tex. 262, 206 S.W. 921 (1918), that a non-resident corporation has a venue privilege. *Stevens* is clearly distinguishable from the present case.

In *Stevens,* suit was brought in El Paso County where, plaintiff alleged, the Railway's subsidiary, a Texas corporation, had agents doing business. The Railway filed a plea of privilege denying agents in El Paso County but *admitting that it was doing business, and that venue would be proper, in Potter, Hemphill, Galveston, Johnson, and Cook Counties.* The Supreme Court held that the agents of a subsidiary, doing business in El Paso County, could not be considered agents of the parent company for venue purposes. See: Anno. 18 A.L. R.2d 187, 198 (1951).

The Railway either answered, or judicially admitted, that it was a Texas resident by specifying that venue would be proper in one of the five counties named. For venue to have been proper in those counties, some authorization was necessary to do business, or conduct activity by agents, in those counties.

Mossberg specifically states that ". . . at the time of filing this Plea, Defendant had no agent, representative, or office in the State of Texas." Since Mossberg had no agent, representative or office in Texas, the rule of *Stevens* is not applicable to the facts of this case.

*Stevens* was distinguished in *Kountze v. Smith,* 97 S.W.2d 737 (Tex.Civ.App. Waco 1936, no writ). Citing cases in which the courts held that a proper plea of privilege by a foreign corporation must be sustained, the court pointed out that these ". . . cases differ . . . in that every one of the same involved a plea of privilege proper [sic] interposed by a defendant person or corporation, *claiming residence in a venue sense in a county in this state* and seeking the transfer of the cause thereto. In this respect each of said cases differs from *Atchison, T. & S. F. Ry. Co. v. Stevens . . ."* (97 S.W.2d 740) (Emphasis added).

■ As used in determining venue, *domicile* is synonymous with *residence.* A domicile, within the meaning of Article 1995, requires:

"1. a fixed place of abode within the possession of the defendant

2. occupied or intended to be occupied consistently over a substantial period of time

3. which is permanent rather than temporary."

*Snyder v. Pitts,* 150 Tex. 407, 241 S.W.2d 136, 140 (1951); *Davenport v. Harry Payne Motors, Inc.,* 247 S.W.2d 452 (Tex.Civ.App. Austin 1952, no writ).

Mossberg does not attempt to come within this definition of domicile. It claims no place of abode in Texas, whether permanent or temporary, and alleges no residence to be occupied in the future. Since Mossberg has no domicile, there is no specific county in Texas to which the cause could be transferred at Mossberg's behest.

■ To maintain venue in a specific county in Texas, a foreign corporation must have an office and conduct its business in that county. ". . . [W]e do not mean to hold that even though a foreign corporation does not have a permit to do business in Texas, such fact will preclude it from urging a plea of privilege to be sued in the *county where it maintains an office and*

*conducts its business*; for *this is the ultimate criterion of maintaining venue* in a suit in this state by both a domestic and a foreign corporation." *Mergenthaler Linotype Co. v. Herrmann*, 211 S.W.2d 633, 635 (Tex.Civ.App. Fort Worth 1948, no writ). *Stevens* is distinguished on this point in *McMullen v. Burton Auto Spring Corporation*, 138 S.W.2d 823, 824 (Tex.Civ.App. Dallas 1940, no writ).

▮ As a foreign corporation with no registered office or place where it is conducting business in Texas, Mossberg is not an "inhabitant" as that term is employed in Article 1995.

▮ Mossberg was unable to state, and did not allege in its plea of privilege a county of residence, thereby failing to meet the requirement of Rule 86, Texas Rules of Civil Procedure, that "A plea of privilege to be sued in the county of one's residence . . . *shall state the county of his residence* . . ." (Emphasis added). Mossberg's plea of privilege was fatally defective in having failed to meet this requirement, and due exception having been taken to the plea, the trial court was compelled to strike the plea.

In *Aviation Credit Corp. of New York v. University Aerial Service Corp.*, 59 S.W.2d 870 (Tex.Civ.App. Eastland 1933, writ dism'd), appellee brought suit alleging a usurious contract. Appellant presented a plea of privilege which was excepted to and overruled by the trial court. The Eastland Court, in an opinion by Chief Justice Hickman, disposed of the issue in this language:

"It alleged therein [in it's plea of privilege] that it was domiciled in, and a resident of, New York State. Nowhere did it allege that it also had a domicile in, or was a resident of, the state of Texas. [Citing Art. 1995 and Art. 2007 (the predecessor of Rule 86)]. . . . These statutes, by their express terms, are available only to inhabitants of this state, and the only county to which a cause could be transferred upon a plea of privi-lege is the county in this state of defendant's residence or domicile . . . This does not at all mean that a foreign corporation could not avail itself of the benefits of these statutes, provided it had established domicile in this state. For the purpose of venue a party may have more than one residence or domicile, and, notwithstanding the appellant had its domicile in the state of New York, it might have also had one in Texas, but the *plea of privilege wholly failed to allege any domicile in Texas, and that omission rendered it fatally defective.*" (59 S.W.2d 872) (Emphasis added).

The Supreme Court has agreed that a plea of privilege by a foreign corporation which does not allege a county of residence in Texas, is fatally defective. In *Peacock v. Bradshaw*, 145 Tex. 68, 194 S.W.2d 551 (1946), the Court stated:

"Respondents' brief in the Court of Civil Appeals seems to argue that they may have had two places of residence, one in Arizona and one in El Paso County, Texas, and that the pleas might be sufficient as pleading the privilege of being sued in El Paso County. If the pleas were intended to claim that privilege, they should have stated, as Article 2007 [from which Rule 86 derives] requires, that the defendants resided in El Paso County, so that if the pleas were sustained the cause could be transferred to that county. As drawn and filed the pleas seem to claim the privilege of being sued in Maricopa County, Arizona, and to seek the transfer of the cause to that county in Arizona. Since the insufficiency of the pleas of privilege appeared on their face, they were properly tested by exception and controverting affidavits were unnecessary." (194 S.W.2d 554)

Mossberg undertakes to distinguish *Peacock* and argues that the decision dealt with jurisdiction rather than venue. We do not agree. The Court dealt with jurisdiction implicitly by holding that it did not have authority to transfer the cause to Arizona,

the alleged residence of defendants. This merely shows, however, that venue would be proper only where plaintiff brought the suit. Defendants could allege no county in Texas where venue would be proper, so as to bring them under Article 1995 or any exception. Thus it is clear that since they could not conform either to Rule 86 or to Article 1995, venue was proper where plaintiff brought suit.

In its plea of privilege, Mossberg alleged only that it was ". . . a foreign corporation, not incorporated under the laws of the State of Texas . . ." Mossberg claimed no residence in Texas. The failure to allege a Texas residence rendered the plea of privilege fatally defective. The defect was specially excepted to by Sullivan, and the trial court properly ordered the plea stricken.

Appellant claims venue is proper in Dallas County by virtue of the last clause of Subdivision 27 and that to hold otherwise would be to render this clause meaningless.

Article 1995(27) provides that a foreign corporation that is an inhabitant of Texas is entitled to be sued in the county of its domicile, unless (under the last clause of Subdivision 27) it has no agent or representative in this State. In such a case, suit *may* be brought *by the plaintiff* in the county where he or any other plaintiff resides.

As previously shown, the ultimate criterion to maintain venue is that the foreign corporation maintain an office and conduct its business in the county to which it seeks transfer of the action. *Mergenthaler Linotype Co. v. Herrmann, supra.*

■ An entity may satisfy this criterion without having an agent or a representative in Texas. In such a case, the last clause of Article 1995(27) is applicable and suit may be maintained in the county of plaintiff's residence. As the court pointed out in *Mergenthaler,* Subdivision 27 was ". . . not enacted for the purpose of establishing citizenship by a defendant . . . defendant's right to change venue on a plea

of privilege depends entirely upon whether it has a residence in a county in Texas at the time the plea of privilege is filed."

Although Mossberg claims no residency in any county in Texas, it is using Subdivision 27 to establish its right to a venue privilege which under the general rule Mossberg does not have. As the general rule of Article 1995 is inapplicable, so is Subdivision 27:

"The Appellant in this case seems to have lost sight of the fact that the Subdivisions under Article 1995 are for the use of plaintiff . . . not for the use of a defendant . . . ." (543 S.W.2d 742)

■ Mossberg could claim the benefits of Subdivision 27 only if the subdivision is deemed to be a "mandatory" exception to the general rule of Article 1995. Subdivision 14 (lands), 16 (divorce), 17 (injunctions), 17a (labor disputes), 18 (revision of probate), 19 (suits against counties), 20 (heads of departments), 22 (railway lands), 25 (railway personal injuries) (part), 29 (libel or slander), and 30 (special venue) (although *quasi* jurisdictional) are expressed in *mandatory* terms and require that suit be brought in the county specified, regardless of the residence of the defendant. Article 1995(17a) (Supp.1978); *Lewis v. Gulf, C. & S. F. Ry. Co.,* 229 S.W.2d 395 (Tex.Civ.App. Galveston 1950, writ dism'd); *Langdeau v. Burke Investment Co.,* 163 Tex. 526, 358 S.W.2d 553 (1962).

All remaining subdivisions or exceptions of Article 1995, including Subdivision 27, are permissive only. Plaintiff may bring suit in the county of residence of defendant or in any of the counties specified in the subdivision. Since no mandatory provision, requiring that the residence of the defendant be disregarded, is involved, Mossberg has no venue privilege. As Mossberg has no venue privilege, Sullivan is not mandated by statute to bring suit in any specific county under Article 1995 or any of its subdivisions.

Mossberg relies on *Continental Transfer & Storage Co. v. Gee,* 285 S.W.2d 892 (Tex.

Civ.App. Eastland 1955, no writ), and *Holcomb v. Williams*, 194 S.W. 631 (Tex.Civ. App. Fort Worth 1917, no writ), in contending that Sullivan is required to sue in one of the counties specified in the general rule or its subdivisions. These decisions are not applicable in this case. In those cases, the defendants were inhabitants of Texas, as that term has been previously defined. Mossberg, as shown, cannot claim that status.

Mossberg also claims that venue is proper in Dallas County because that is the residence of Sullivan. Chief Justice Hemphill of the Supreme Court stated very early the policy behind the venue statute in *Pool v. Pickett*, 8 Tex. 122 (1852): "The cherished policy of the law is that the inhabitants of the State shall be sued in the counties in which they respectively have their domiciles." See also *Burtis v. Butler Bros.*, 148 Tex. 543, 226 S.W.2d 825 (1950); *Young v. Young*, 340 S.W.2d 521 (Tex.Civ.App. Waco 1960, no writ). That a *foreign defendant*, who is not a resident of the State, has standing to claim a privilege to be sued in the county of residence of the plaintiff obviously contravenes both the plain language, as well as the policy, of Article 1995.

 Mossberg insists that Sullivan was forum shopping by filing suit in Travis County. But, even if true, that fact cannot alter the words of the statute or the interpretation given the statute by the courts. A Texas plaintiff may sue a foreign person or corporation, who is not an "inhabitant" of Texas and claims no "domicile" in Texas, in any county in this State.

For the reasons stated, the judgment of the trial court is affirmed.